ELLEN HARMAN, and others *v.* MARGARET FERRALL and
JOHN O'ROURKE.

One who, at the death of the ancestor, had filed *a declaration of an inten-
tion* to become a citizen of the United State, but was *naturalized* sub-
sequently to such death, is not capable of inheriting.

Where, at the death of the ancestor, those capable of inheriting were, *two*
nieces, children of a brother who had died an alien ; *four* children of
another niece, also a child of that brother, who had died after being
naturalized ; and a *fourth* niece, a child of a sister of the deceased who
had died an alien : *Held*, that the real estate was to be divided into four
parts, of which the three nieces took one each, and the fourth was to
be divided among the four children of the niece who had died after
naturalization.

*(Clement* v. *Cauble*, 2 Jon. Eq. 82, and *Campbell* v. *Campbell*, 5 Jon. Eq.
246, approved.)

CIVIL ACTION, for the partition of lands, tried before
*Watts, J.*, at Spring Term 1870, of WAKE Court.

The facts were, that John O'Rourke, a citizen of this State,
formerly of Ireland, died in Wake County in the Spring of
1867, seized in fee of the lands in question, and without
lineal descendants. The plaintiffs in the action were Ellen
Harman, Catherine Cassidy, and Laura, Frederic, Charles
and Thomas Hinder. Of these the two first were citizens of
the United States, and children of Matthew, a brother of
John O'Rourke, who died before him, an alien ; the four last
were citizens, and grandchildren of Matthew, through his
daughter Jane, a citizen, who died before John O'Rourke.
The defendants were Margaret Ferrall, a citizen, and child
of John O'Rourke's sister Margaret, an alien who died before
him ; and John O'Rourke, Junior, another child of Matthew,
who had duly *declared his intention* to become a citizen in
1855, but who was not naturalized until the Fall of 1867.

These were the next of kin to the deceased, and the ques-
tion was as to the proportions in which the land was to be

divided, and also, whether the defendant O'Rourke was entitled to anything.

The plaintiffs insisted that the land was to be divided into four shares, one for the children of Jane Hinder, and one each for Ellen Harman, Catherine Cassidy and Margaret Ferrall. Margaret Ferrall claimed one-half for herself, and that the other half should go to plaintiffs. The defendant O'Rourke claimed that he was entitled to inherit with the others.

His Honor ordered a partition to be made as prayed for by the petitioners.

The defendants appealed severally.

*Battle & Sons,* for the appellant Ferrall.

1. O'Rourke is entitled to nothing, either as a naturalized citizen of the United States, or under the State Constitution of 1776. The declaration of an intention gives no rights. *Campbell* v. *Gordon,* 6 Cranch 176; *Baird* v. *Byrne,* 3 Wall. Jr. C. C. Rep.; *White* v. *White,* 2 Met. (Ky.) 185.

2. The right of representation as declared in Rule 3, Rev. Code, ch. 38, extends to collaterals in equal degree from ancestor last seized. *Cauble* v. *Clements,* 2 Jon. Eq. 82; *Haynes* v. *Johnson,* 5 Jon, Eq. 124.

This right is of universal application; Rule 9, same chapter, extends it to cases like the present: *Campbell* v. *Campbell,* 5 Jon. Eq. 246. See *McCreery* v. *Somerville,* 9 Wheat. 354.

*Johnston Jones,* for the appellant O'Rourke.

O'Rourke is to establish, not that he was a fully naturalized *citizen* at the time of intestate's death, but that he was not an *alien,* within the meaning of the general law excluding aliens from the inheritance of the real estate. At the death of the ancestor, he had declared his intention, &c.,

and had also resided in the U. S. for seventeen years : See *White* v. *White* (ubi supra) at p. 189, top. At that time, also, he owed no allegiance to any foreign power: See Webster's and Marcy's letters in Kozta's case, U. S. Senate Doc. No. 1, 1853–'4.

The title vested in O'Rourke, subject to be divested by an inquest of office, which cannot take place now, since his naturalization. In the cases cited upon the other side, the question was as to divesting a title which had vested *in the State*, and therefore could not be divested by a subsequent naturalization.

As the declaration, &c., imposed upon O'Rourke the burdens of citizenship, he ought with them to receive the benefits, excepting such as are political merely.

*Rogers & Batchelor, contra.*

1. Naturalization does not *relate* to the time of the declaration. At the death of the ancestor the defendant O'Rourke was not entitled, and he could not become so afterwards ; 2 Nott and McCord, 187, 20 Pick. 121. He is not within the principle of *Rouche* v. *Williamson*, 3 Ire. 141.

2. The land is to be divided *per capita* among the nieces, giving the share of the deceased niece to her children ; *Clement* v. *Cauble*, 2 Jon. Eq. 82 ; *Campbell* v. *Campbell*, 5 Jon. Eq. 246 ; *Rutherford's heirs* v. *Wolf*, 3 Hawks, 271. Compare act of 1801, c. 575, §2, which governs this case, (Rev. Code, c. 38, §§8 and 9,) with act of 1808, (Rev. Code c. 38.)

DICK, J. The rules regulating the descent of real estate to collateral relations, were fully considered and defined in the two recent cases of *Clement* v. *Cauble*, 2 Jon. Eq. 82, and *Campbell* v. *Campbell*, 5 Jon. Eq. 246 ; and it is

·only necessary for us to apply these rules to the case before us.

John O'Rourke died in the Spring of 1867, intestate, and without any lineal descendants. He left surviving him a sister, Bridget O'Rourke, who resided in Ireland, and was an alien, and as such was incapable of inheriting the lands of the intestate. The plaintiffs and defendants are the collateral relations of the intestate, living in this country, and the ·objects of these proceedings is to ascertain the rights of the parties. The plaintiffs, Mrs. Harman and Mrs. Cassidy, are naturalized citizens, and daughters of Matthew O'Rourke, who was a brother of the intestate, and died many years ago without being naturalized. The infant plaintiffs, Laura, Frederick, Charles and Thomas, are natives and children of ·Jane Hinder, a daughter of Matthew O'Rourke. She was a naturalized citizen, and died before the intestate.

The defendant Margaret Ferrall is a naturalized citizen, and a child of Mrs. Fanning, who was a sister of the intestate, and died many years ago in Ireland, and was never naturalized. The defendant John O'Rourke, Jr., is a son of the aforesaid Matthew O'Rourke. In 1855, he filed his declaration of an intention to become a naturalized citizen of the United States, but did not take the final oath of naturalization until after the death of· the intestate. He was not a citizen of the United States until he had complied with · all the requirements of the naturalization Acts of Congress, and the disability of alienage was not removed, so that he could take lands by descent. Not being capable of taking by descent at the time of descent cast, he had no title, to be confirmed by relation, and his subsequent naturalization did not operate to invest him with the title, which in the meantime had become vested elsewhere: *White* v. *White,* 2 Metc. (Ky.,)˙185.

In determining the rights of the other parties, Matthew

O'Rourke and Mrs. Fanning are to be considered as if they had never existed, except for the purpose of counting relationship. Their children take in their own right, as they derived no inheritable blood from their ancestors. As such ancestors at the time of their death, were not capable of taking the inheritance, the doctrine of representation does not arise as to Mrs. Harman, Mrs. Cassidy and Mrs. Ferrall, and they take *per capita.* The children of Mrs. Hinder take *per stirpes,* as representing their mother, who, if living, would have taken one-fourth of the estate.

In the case of *Campbell* v. *Campbell,* there were four classes of children, all in equal degree to the *propositor.* As to two classes the doctrine of representation applied, as their ancestors, if living, would have been capable of inheriting, and each class took one-fourth. As to the other two classes, they took *per capita,* as their ancestors were aliens. As there were three children in each of these last mentioned classes, the result would have been the same, whether they took *per stirpes* or *per capita,* and it was not necessary to point out the distinction. Where the doctrine of representation applies, the claimants affected by it always take *per stirpes.*

There is no error in the ruling of his Honor.

PER CURIAM.                    Judgment affirmed.