### PHILLIPS' HEIRS *vs.* SWART et al.

APPEAL FROM CIRCUIT COURT, WINNEBAGO COUNTY.

Heard September 27, 1859.]                    [Decided January 4, 1860.

#### Bills of Exceptions.

Where judgment has been rendered in the circuit court, and no case or bill of exceptions is made, so as to enable the supreme court to examine the merits of the case, on the testimony, the judgment will be affirmed. And there would seem to be no difference in this respect between an action at law or in equity.

This was an action commenced by James M. Phillips, against Henry Swart and David P. Smith. The substantial allegations in the bill are, that the complainant owned the equitable title or interest to certain real estate, by a contract with one Daugherty, by the terms of which he was to pay $3,000; $2,500 of which he had paid. He sold one-half of

the property to Henry Swart, for the sum of $1,500; at which time it was agreed that they should enter into partnership, in the lumber business; and soon after, Phillips and Swart entered into an agreement, by which it was agreed that Swart was to pay to Daugherty the balance, $500, on the contract, and take the conveyance in his own name, as security; and on the payment of said sum to Swart, he was to deed one-half of the property to Phillips. In accordance with the contract, Swart paid Daugherty, and took a conveyance of the other half of the mill. The answer denies any agreement to enter into partnership, and also denies any agreement to take the title to the other half of the mill for security of the $500 advanced.

After issue was joined, Phillips died, and the action was prosecuted by his heirs. Considerable testimony was taken, tending to establish the facts charged in the bill of complaint, and the complaint was dismissed on the hearing. There was no finding by the court, nor bill of exceptions taken. From the judgment of the court, the complainant appealed.

*G. Bouck,* for the respondent.

*A. K. Brush,* for the appellant.

*By the Court,* DIXON, C. J. The judgment of the circuit court, in this case, must be affirmed. There is no case made, or bill of exceptions settled, as required by law, so as to enable us to look into the evidence, or examine the merits, except so far as they appear from the pleadings. The pleadings show no error, or cause for reversal.

Judgment affirmed.