## SCHMIDT VS. GILSON.

A mechanic does not lose his lien under the statute for work done upon a building, by taking the note of the owner of the building, payable *within* the time allowed by law for commencing an action to enforce the lien.

In a judgment to enforce a mechanic's lien, it is irregular to direct that "the lands and premises described in the complaint and the lien therein, be sold on execution in accordance with chapter 153, R. S." The judgment should direct that the right, title and interest of the defendant in the building and in the land upon which it is situated, shall be sold, &c.

This court, however, will not reverse a judgment on account of such a defect in its form, but will direct that it be properly modified.

Where the record recited that on reading and filing an affidavit of the plaintiff's attorney, and on motion of the plaintiff, the court below had ordered a judgment to enforce a mechanic's lien to be amended by inserting in the description of the property affected thereby " the N. W. qr. of the N. E. qr. of sec. 18," &c., instead of "the N. W. qr. of the S. E. qr. of sec. 7," &c., which was the description contained in the complaint and claim of lien, this court will presume that in ordering such amendment the circuit court proceeded according to law, and (the record being silent upon the subject) that due notice of the motion was served on the defendant's attorney.

Such an amendment should not be made on an *ex parte* application.

But if no notice of the application was in fact served, the defendant should have moved to set aside the amended judgment, upon his affidavit showing that fact; and in case his motion were denied, might have appealed from that decision.

APPEAL from the Circuit Court for *Monroe* County.

Action to enforce a mechanic's lien. The complaint stated, among other things, that the defendant was indebted to the plaintiff in the sum of $300, with interest, for work done in the construction of a grist mill for the defendant, on the northwest quarter of the southeast quarter of Sec. 7, T. 17, R. 1 W., &c., for which, on the 22d of December, 1858, (being the day when said work was completed) the defendant gave the plaintiff two notes for $150 each, payable respectively, March 1, and September 1, 1859, with interest at 12 per cent.; and that on the 12th of April, 1859, the plaintiff filed in the proper clerk's office a claim for a lien on said mill and the defendant's interest in said land, which claim sets forth a description of said premises, and to which, for greater certainty, reference was made. On the 18th of October, 1859, the court rendered judgment, in default of an answer or demurrer, that the plaintiff recover of the defendant $329.50, with costs, "and that the lands and premises described and set forth in the complaint and the lien therein, be sold on execution, in accordance with chapter 153 of the Revised Statutes; and that the defendant, on the sale thereof, be forever barred," &c. On the 16th of April, 1860, the court, on reading and filing the affidavit of the plaintiff's attorney, and on motion of the plaintiff, ordered and adjudged "that the description of the lands and premises set forth and described in the lien, complaint and judgment in this action" be "corrected by giving a correct description thereof, to-wit: the northwest one-fourth of the northeast one-fourth of sec. 18, T. 17, R. 1 W.," &c. From this order and the judgment so amended the defendant appealed.

*Smith & Ordway*, and *George E. Pratt*, for appellant.

*L. W. Graves*, for respondent.

*By the Court*, COLE, J. This action was brought by the respondent to enforce a mechanic's lien upon a grist mill and

certain lands in Monroe county. The complaint shows that after the work was completed the parties settled, and the appellant gave his two promissory notes for the amount found due the respondent, bearing interest at the rate of 12 per cent. per annum, but both of which notes became due before the time for enforcing the lien expired.

The judgment was by default, and adjudged that the lands and premises described and set forth in the complaint and the lien therein, be sold on execution in accordance with chapter 153, R. S., 1858. The judgment was rendered at the October term of the court, 1859, and at the next April term the judgment was amended by an order of court, so as to make the lien apply to a different tract from that described in the petition and complaint. Three grounds of error are assigned here, which will be noticed in the same order in which they are stated on the brief of the counsel for the appellant.

1. It is insisted that the respondent, having taken the promissory notes of the appellant drawing twelve per cent. interest, thereby waived his lien, or his right of lien, upon the premises. A mechanic might undoubtedly waive his right to a lien under the statute, but we do not think the mere circumstance that he has accepted the promissory note of his debtor for the amount found due upon settlement, would authorize the presumption that he intended to waive it. Had the promissory notes in this case not been made payable until after the time for enforcing the lien had expired, there might have been some ground for saying that in accepting them the respondent clearly intended waiving the benefits of the statute, and to look to the personal responsibility of the maker alone. But that is not the case here. The notes were made payable within the period given for enforcing the lien. With the exception of having accepted the notes, there is no other fact or circumstance tending to show that the respondent intended waiving his lien. By this circumstance alone we do not think he should be held to have waived it. See section 5, chap. 113, laws of 1859, where the legislature declare that the taking of a promissory note or other evidence of indebtedness for labor or materials,

shall not be deemed to waive the right of the party taking the same to prosecute and perfect his lien in the manner provided by law. And in the case of *Bailey vs. Hull*, 11 Wis., 289, decided under the R. S., we held that the better rule was, that the lien was not waived by taking a note which was made payable within the time in which the party was required to commence his action to enforce it.

Again it is claimed that the judgment is irregular because it directs the sale of the lands and premises described in the complaint. In some cases which have come before this court, it has been held that such a judgment was unauthorized, and that it should direct that the right, title and interest of the defendant in the building and in the land upon which it is situated, should be sold. *Dewey vs. Fifield*, 2 Wis., 73 ; *Dean et al. vs. Wheeler*, id., 224. Cases might arise where the defendant was not the owner in fee of the land, and the distinction might become important and material, and it was considered the safer practice that the judgment should follow the language of the statute. The judgment in this case is not technically correct, but the error is not sufficient to authorize a reversal and sending the case back for a new trial. The statute provides that no judgment shall be reversed or affected by reason of any errors in the proceedings which do not affect the substantial rights of the adverse party (sec. 40, chap. 125, R. S., 1858), and therefore we think all that is necessary is that the judgment be modified so as to conform to the decisions of this court.

The third error assigned is, that the court improperly amended the judgment in the particular above stated, without notice to the appellant. Such an amendment should not be made on an *ex parte* application (*Hill vs. Hoover*, 5 Hill, 386); but we cannot assume that the opposite party had no notice of it. Certainly if such a notice had been given it would not become a part of the record. The record is silent upon this point, and the presumption is that the circuit court, in ordering the judgment to be amended, proceeded according to law. If in fact no notice was given, the party aggrieved should have taken steps to set the amended judgment aside for that reason, and then appealed from the or-

der denying his application. He could then have showed by affidavit that he had no notice of the amendment. But as the case now stands, it is very obvious that we cannot assume that the proper notice of the amendment was not given.

The judgment of the circuit court must be modified, so as to direct that the right, title and interest, &c., of the appellant in the mill and land upon which it is situate, should be sold; and the cause is remanded to the circuit court with directions to modify the judgment accordingly.

The costs of this court must be awarded to the appellant.