Edleman vs. Kidd.

EDLEMAN, Respondent, vs. KIDD, Appellant.

*December 7 — December 23, 1885.*

APPEAL TO S. C. *(1) Bill of exceptions. (5, 6) Reversal of judgment.* LIENS: PLEADING: PRACTICE. *(2) Statement of contract. (3) Time of filing claim: Clerical error in complaint: Amendment: Evidence. (4) Counterclaim: Form of verdict. (5) Form of judgment directing sale. (6) Judgment for deficiency: Prayer for relief.*

1. On appeal from a judgment in a case tried by a jury, if there is no bill of exceptions the only question which can be considered is whether the pleadings support the verdict and judgment.

2. If, in an action to enforce a mechanic's lien, the complaint alleges that the work was done at the special instance and request of the defendant and that it was reasonably worth a certain sum, it sufficiently sets forth the contract under which the work was done,

especially where the answer admits the employment and the doing of the work, and defends only on the ground that it was badly done.

3. The complaint alleged that the last work was done November 5, 1881, and that the claim for a lien was filed January 3, 1881, " and within six months from the time of doing such work." *Held,* that the allegation as to the date was clearly a clerical error, and, no objection having been made on the ground that the claim was not filed within six months, it was proper to admit evidence that it was so filed and to direct the complaint to be amended, if necessary, in that respect.

4. In an action for the recovery of money, if there is a counterclaim, the jury may find a verdict for the balance found to be due to either party, without stating specifically the amount found due upon the claim of each.

5. In an action to enforce a lien for labor done in erecting a barn, the judgment directed the sale of the barn and of the interest of the defendant in the land upon which it stood. *Held,* that if technically wrong in not directing the sale of only defendant's interest in the barn as well as the land, the error could not prejudice the defendant and would not work a reversal.

6. Where in an action to enforce a lien the defendant appeared and answered, the fact that the judgment directs that if there is a deficiency after the sale of the premises a personal judgment may be entered therefor against the defendant, will not work a reversal, although such personal judgment was not prayed for in the complaint.

APPEAL from the Circuit Court for *La Fayette* County.
The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was brought in the circuit court to recover for work and the labor done for the defendant by the plaintiff, as a carpenter and joiner and contractor and builder, in and about the construction and erection of a barn for the defendant upon his farm, describing the same. The complaint alleges that the work was done at the special instance and request of the defendant; that it was done between the 26th day of September, 1881, and the 5th day of November, 1881; that the value of the work so done and performed was $212.57; that there was due to him from the defendant for

such work the sum of $215.57; that the barn so erected by him is situated on land owned by the defendant, in the town of Decatur, described as the S. W. ¼ of the N. W. ¼ of section 29, township 2 N., of range 9 E.; that the last work was done on the 5th day of November, 1881, and that he duly filed, as required by law, his claim for a lien for the amount due and owing him, in the office of the clerk of the circuit court of Green county on the 3d day of January, 1881, *and within six months from the time of doing such work aforesaid.* It then sets out the substance of such claim, and alleges that a copy thereof is attached to and made a part of the complaint; alleges that one year had not elapsed since the doing of said work and the commencement of this action; and demands judgment for a lien, and for the sale of the barn and of the interest of the defendant in the lands upon which the barn is situated, etc.

The copy of the petition for a lien was dated January 3, 1881. The complaint in the action was filed February 28, 1882.

There was no denial of any of the allegations in the complaint. The answer alleges, *first,* as a defense, that the plaintiff, at the time and before he engaged to perform the work and labor described in the complaint, held himself out to the public and represented to the defendant that he was a skilful mechanic and would and could perform said labor in a good and workman-like manner, and promised to give the work his personal attention and supervision, and also promised to do and perform the same, or cause the same to be done, in a good and workman-like manner. It then alleges it was done in an unskilful manner; that he employed unskilful workmen; and that the work was done in such a negligent and unskilful manner that such services and labor mentioned in the complaint were of no value whatever to this defendant, but, on the contrary, were a damage to him.

Edleman vs. Kidd.

The answer then sets out, by way of counterclaim, an alleged contract between the parties; alleges the unskilful manner in which the work was done by the plaintiff; and claims damages in the sum of $500. There was a reply to the counterclaim.

The plaintiff recovered in the action, and a judgment was rendered in his favor for the amount claimed in his complaint, and he was adjudged to have a lien upon the barn and the forty acres of land upon which the same was situated, *and directed the sale of the barn, and the interest of the defendant in the forty acres on which the same was situate,* to pay the amount found due to the plaintiff, with the costs and the costs of sale.

The defendant appeals from the judgment rendered in the action. No bill of exceptions was settled or signed in the case, and the cause was argued here upon the record in the action.

For the appellant there was a brief by *Henry S. Magoon,* attorney, and *M. M. Cothren,* of counsel, and oral argument by *Mr. Magoon.*

For the respondent there was a brief by *A. S. Douglas* and *P. J. Clawson,* and oral argument by *Mr. Douglas.*

TAYLOR, J. There being no bill of exceptions to preserve the evidence and exceptions taken at the trial of the action, the only question which can be considered upon this appeal is whether the pleadings in the action support the verdict and judgment rendered. *Phillips' Heirs v. Swart,* 10 Wis. 426, and cases cited in the note to that case. See, also, *Semmens v. Walters,* 55 Wis. 675; *Cord v. Southwell,* 15 Wis. 211; *McHugh v. C. & N. W. R. Co.* 41 Wis. 75; *Power v. Rockwell,* 39 Wis. 585; *Meyer v. Prairie du Chien,* 9 Wis. 233; *Johannes v. Youngs,* 42 Wis. 401; *Gilbank v. Stephenson,* 30 Wis. 155; *Dougherty v. N. Wis. R. Co.* 36 Wis. 402.

The learned counsel for the appellant contends that the

judgment rendered should be reversed (1) because the complaint fails to state a cause of action which entitles the plaintiff to a judgment declaring his claim against the defendant for work and labor a lien upon the barn and the lands upon which it is situated; (2) that the record fails to show that the issues in the case were tried by a jury, as demanded by the defendant under the statute (sec. 3323, R. S. 1878); (3) that the judgment entered in the action is erroneous,— *first*, because it directs the barn to be sold, and not the interest of the defendant therein; *second*, because it directs that if, upon the sale, the proceeds thereof shall not be sufficient to pay the plaintiff's judgment and costs and the costs of the sale, upon the sheriff filing his report of sale showing such deficiency the court shall enter a personal judgment against the defendant for the amount of such deficiency.

The points made by the learned counsel that the complaint is insufficient are,— *first*, that it does not state the contract between the parties. The allegation of the complaint is that the work was done at the special instance and request of the defendant. This allegation raises an implication that the defendant promised to pay what the work was reasonably worth; and the complaint alleges that the work was worth $212.57. This we think is a sufficient statement of the contract upon which the work was done, especially when there was no demurrer, and the answer admits the employment as well as the doing of the work, and defends only on the ground that the work was so badly done that it was of no value, but a damage.

The *second* objection is that the complaint does not show that the petition for a lien was filed in the proper clerk's office within six months next after the work was done. The complaint states that the petition was filed January 3, 1881, but in the same sentence says it was filed "within six months from the time of doing such work." No issue was

made as to the time when the petition was filed, nor is there any denial of the allegation that it was filed within six months from the time of doing the same, and no demurrer to the complaint because it appeared on the face of the complaint that the petition for lien had not been filed within six months after the work was performed. The allegation as to the filing of the petition was clearly a clerical error. No objection being made to the complaint on that ground, and no answer setting up that the petition was not filed within six months after the work was done, it was clearly competent for the court to allow the plaintiff to show upon the trial that the petition was in fact filed within the six months next after the work was done, as alleged in the complaint, and to direct the complaint to be amended, if necessary, in that respect. See *Willer v. Bergenthal*, 50 Wis. 474, 478, 479. The court in its judgment recites that it was made to appear to the court that the petition for a lien was filed in the proper clerk's office on the 3d day of January, 1882. We must presume that evidence of the fact of such filing was presented to the court; and as there is no bill of exceptions in the case showing the contrary, we must also presume that such evidence was received by the court without objection on the part of the defendant.

The objection that the issues in the case were not tried by a -jury, as demanded by the defendant, is not sustained by the record. The only issues made by the pleadings were — *first*, as to the quality and value of the work done, and upon the counterclaim setting up an agreement to do skilful work and a failure to do so to the damage of the defendant. Under the pleadings, the doing of the work stands admitted, as well as all the material allegations of the complaint, except the allegation as to the value of the work done. The jury found for the plaintiff, and assessed his damages at $216.78. Under the pleadings, if the jury had found the services valueless, they would have found for

the defendant; and if they found them of some value, and also found that the plaintiff had violated his contract to do good and skilful work, by reason of which fact the defendant had been damaged, they would have assessed his damages and deducted them from the amount found due the plaintiff for his labor, and their verdict would have been for the difference, if any; and if the damages were greater than the value of the work, the verdict would have been for the defendant.

In an action for the recovery of money, where the defendant sets up a counterclaim, it is not necessary that the verdict of the jury which finds in favor of the defendant on the counterclaim should specially state the amount so found due the defendant; but if they find also in favor of the plaintiff on his claim, they may adjust the demands by making the proper deduction from the plaintiff's claim of the amount found due the defendant on his counterclaim, and render a verdict in favor of the plaintiff for the difference; or, if the amount allowed on the counterclaim be the larger, they may make the deduction of the plaintiff's claim, and render a general verdict for the defendant for the difference.   See secs. 2859, 4262, 4263, R. S.

The learned counsel complains that the circuit judge refused to submit to the jury the questions raised by his answer and counterclaim.   That objection we cannot consider, as the instructions of the judge to the jury on the trial and the exceptions thereto, if any, are not before us for consideration.   See cases above cited.   We must presume that the jury were properly instructed, and that upon all the issues made in the case they found in favor of the plaintiff for the amount stated.

The first objection to the judgment itself should not be sustained.   The judgment is in the exact words of the statute giving a lien (sec. 3314, R. S.); but if the judgment be technically wrong in directing the sale of the barn and

the interest of the defendant in the lands upon which it stands, and should have only directed the sale of the defendant's interest in the barn as well as in the land, it is an error which cannot prejudice the rights of the defendant, and should not work a reversal of the judgment. It was so held by this court in the case of *Schmidt v. Gilson*, 14 Wis. 514. For myself, I can see no reason for modifying the judgment in this respect. The answer of the defendant in the action, by not denying it, admits the ownership by the defendant of both the barn and the lands on which it is situate, and he cannot, therefore, be injured by a sale of the property instead of a sale of his interest therein. In either case the purchaser will, as to him, get a good title to the land, and, as to others not parties to this action, their interest will not be affected by it.

The objection to the judgment because it directs that, if there be a deficiency after the sale of the premises and the application of the proceeds of such sale to the payment of the plaintiff's claim and costs, a personal judgment may be entered against the defendant for such deficiency, should not work a reversal because such judgment is not prayed for in the complaint. Upon the pleadings and verdict the plaintiff is in equity entitled to such judgment. Had the defendant moved in the court below to modify the judgment by striking out that order therein, it is evident it would not have been stricken out, but the plaintiff would have been allowed to amend the demand for judgment in his complaint so as to entitle him to the relief given in the judgment. Had there been no appearance by the defendant in the action in the court below, it would have been error to have granted any other or greater relief than was demanded in the complaint; but when the defendant appears and answers, "the court may grant any relief consistent with the case made by the complaint and embraced within the issues." Sec. 2886, R. S.; *Brook v. Chappell*, 34

Wis. 405; *Sage v. McLaughlin*, 34 Wis. 550; and many other cases decided by this court.

The judgment in this case does not come within the decisions of this court in regard to the foreclosure of mortgages, where such judgments have been reversed because of the fact that the judgment of foreclosure contained in itself a judgment that the defendants personally liable pay any deficiency. These were all cases in which there was an original judgment for the deficiency in the judgment of foreclosure, and not a mere order directing a judgment to be entered against the defendants personally liable when it was ascertained by the returns of the sheriff after the sale that there was such deficiency. A judgment containing such an order was held a good judgment by this court in the cases of *Tormey v. Gerhart*, 41 Wis. 54; *Boynton v. Sisson*, 56 Wis. 401. And in *Huse v. Washburn*, 59 Wis. 414, it was held that an order in a judgment in a lien case that, on the coming in of the report of sale, judgment be rendered for the deficiency, was no ground for a reversal of the judgment on appeal; that such order for judgment might be made under the prayer for general relief, without a special demand therefor in the prayer of the complaint; or that the complaint may be treated as amended, in that respect, to conform to the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.