## LOUISE CLEMMONS v. WARREN CLEMMONS.

### JANUARY TERM, 1895.

*Evidence.    Verdict under plea in offset.*

1.  The question being as to the value of the plaintiff's interest as an heir in the estate of her father, which consisted of a farm, out of which had been set homestead and dower, testimony as to the value of the whole farm, and of the parts aside from the homestead and dower, is admissible.

2.  Testimony that an individual loaned money to the defendant at a particular time does not tend to show that the same individual was pressing the plaintiff for payment at the same time.

3.  Where there is a plea in set-off, the jury should return a verdict for a gross sum, and need not specify the amounts from which they strike a balance.

Assumpsit.   Pleas, the general issue, payment, statute of limitations and offset.   Trial by jury at the June term, 1894, Bennington county, TAFT, J., presiding.   Verdict and judgment for the plaintiff.   The defendant excepts.

Wm. D. Clemons, the father of the plaintiff and defendant, died in 1875, leaving a widow and these two children. His estate was settled in the probate court, and in 1879 the property was passed over to the widow and children.   This property comprised the home farm of three hundred and eighty acres, with the personal property upon said farm. The widow was entitled to a homestead,. which was set out of the dwelling house upon the farm, and dower, which was assigned to her in the farm, and comprised about two hundred acres.   The remainder of the farm, together with the reversion of the widow's dower and the personal property, belonged to the plaintiff and defendant in common.   February 8, 1891, the plaintiff sold and conveyed to the defendant her entire interest in said property, and this suit was brought for the purchase price.

No question was made as to the fact of the sale.   The plaintiff claimed that the defendant was to pay her what the property was reasonably worth.   The defendant insisted that he was to pay sixteen hundred dollars, that he had paid the same by paying to one Hawley a note for eight hundred and sixty-five dollars, which was due from the plaintiff to Hawley, and a debt to the Battenkill Bank, and it was not disputed that the defendant had made these paynents on account of the plaintiff.

As bearing upon the value of the plaintiff's interest, persons qualified to express an opinion were allowed to state, under exception, the value of the entire premises, and also the value of that portion of the farm outside the homestead and widow's dower.

The plaintiff testified that one reason why she made the sale was because Hawley was pressing her for payment upon his note.   The defendant testified that Hawley was not pressing the plaintiff for payment, or at least that he did not know of it.   As tending to support his claim in this respect the defendant offered to show that when he took up

the plaintiff's note to Hawley, Hawley let him have one hundred· and sixty-five dollars and took the defendant's note for one thousand dollars.

This evidence was excluded and the defendant excepted.

The defendant claimed to recover under his plea in offset for various items, some of which were conceded. The court properly instructed the jury as to the defendant's right of recovery under this plea. The jury returned a general verdict for the plaintiff and the defendant excepted to this upon the ground that it did not properly dispose of his plea in offset.

_W. B. Sheldon_ for the defendant.

_Batchelder & Bates_ and _O. M. Barber_ for the plaintiff.

The testimony of the defendant tending to show that Hawley did not compel him to pay the eight hundred and sixty-five dollars which the plaintiff owed Hawley was immaterial and irrelevant. _Alger_ v. _Castle_, 61 Vt. 53 ; _Lawrence_ v. _Baker_, 5 Wend. 301 ; _Commonwealth_ v. _Buzzell_, 16 Pick. 153.

MUNSON, J. The plaintiff claimed to recover the value of her interest in the estate of her father, who died intestate, leaving a widow and two children. The widow was entitled to a homestead, and both homestead and dower had been set out. The plaintiff introduced testimony as to the value of the various portions of the farm with reference to the interests of the respective parties. She was also permitted, against the defendant's objection, to inquire of certain witnesses what the whole farm was worth, and what the land outside of the dower and homestead was worth in connection with the rest of the farm. Both inquiries were permissible. The property to be valued consisted of an undivided interest in the fee of a portion of the farm, and an

undivided interest in the reversion of the widow's dower in another portion, with these interests affected by the fact that some of the buildings and adjacent land which naturally went with the farm had been separated from it. It is obvious that estimates of the value of the whole farm, and of the value of the land outside the homestead and dower in connection with the rest of the farm, might aid the jury in determining the value of the plaintiff's interest.

The defendant's offer to show that he borrowed money of Hawley at the time he paid him the amount of the plaintiff's note was properly excluded. The testimony was offered as tending to contradict the plaintiff's statement that Hawley was pressing her for payment at the time she conveyed to the defendant. It did not have that tendency. An unwillingness to give one person further credit is entirely consistent with a readiness to loan to some other person.

It is not necessary to consider in detail the exceptions taken to the testimony drawn from the defendant on cross-examination. None of them can be sustained without ignoring the well-settled rule which forbids the presumption of error.

The jury were instructed to ascertain the amount due the defendant under his plea in offset, and apply it upon whatever might be found due the plaintiff on her claim. The verdict contained only the finding that the plaintiff recover a certain sum. The defendant excepted to the reception of the verdict on the ground that it did not properly dispose of the claim in offset. The exception cannot be sustained. The defendant was not entitled, as a matter of right, to a return of the sums allowed the respective parties. The only finding essential to the validity of the verdict was the sum in arrear. R. L., 923.

*Judgment affirmed. Execution stayed except as to property not affected by the proceedings in insolvency. To be certified to court of insolvency.*