## CALLAHAN v. SIMONS.

No. 4099.   Decided September 2, 1924.   Rehearing denied September
23, 1924.   (228 Pac. 892.)

1. CONTRACTS—DEFECTS IN WORKMANSHIP AND MATERIALS IN RE-
    PAIRING TRUCK, NOT WAIVED BY ACCEPTING WITHOUT TIME AND
    OPPORTUNITY FOR INSPECTION. Failure of owner of auto trucks,
    on which extensive repairs have been made, to discover defects
    in workmanship and material and notify repairman thereof,
    will not constitute a waiver of the defects, where he has not
    had reasonable time and opportunity to discover them.

2. TRIAL—GENERAL VERDICT FOR DEFENDANT, FIXING AMOUNT OF
    COUNTERCLAIM, HELD RESPONSIVE TO ISSUES. In action for re-
    pairing auto trucks, in which counterclaim was set up for
    damages by reason of defective workmanship and materials, a
    general verdict for defendant on his counterclaim, stating
    amount, held responsive, where court clearly instructed jury
    how to arrive at final amount due to either party, statement of
    amount allowed each party being unnecessary.

3. APPEAL AND ERROR—REQUEST FOR SPECIAL FINDINGS SHOULD BE
    MADE IN TRIAL COURT. Party desiring finding as to amount al-
    lowed each party where counterclaim or set-off is pleaded,
    should request such finding, and, without request, complaint
    cannot be made on appeal.

4. NEW TRIAL—SHOWING OF JUROR'S BIAS HELD INSUFFICIENT TO
    WARRANT REVERSAL OF ORDER REFUSING NEW TRIAL. In action
    by mechanic for price of repairs on auto trucks, mere fact that
    juror had previous difficulty with other mechanics about re-
    pair work, which facts were not brought out in his voir dire
    examination, held not a sufficient showing of bias or prejudice,
    to warrant reversal of order refusing new trial.*

5. APPEAL AND ERROR—JUDGMENT NOT REVERSED FOR TECHNICAL
    ERRORS. Judgments are only reversed where parties prejudiced
    in a substantial right, and not for technical errors not affecting
    result.

6. APPEAL AND ERROR—AFFIRMANCE FAVORED WHERE TWO OTHER
    COURTS ARRIVED AT SAME CONCLUSION ON FACTS. Appellate court
    will have less hesitation in affirming judgment where case

---

* State v. Morgan, 23 Utah, 212, 64 Pac. 356.

See 3 C. J. § 765; 4 C. J. §§ 3190, 2844; 13 C. J. § 788; 29 Cyc.
p. 768; 38 Cyc. p. 1884.

has been tried in two courts, and in both findings of fact were against appellant.

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson*, Judge.

Action by J. M. Callahan, doing business as Coombs Hagen Shop, against J. W. Simons, in which defendant set up a counterclaim. Judgment for defendant on his counterclaim, new trial denied, and plaintiff appeals.

AFFIRMED.

*S. P. Armstrong*, of Salt Lake City, for appellant.

*Chas. D. Moore*, of Salt Lake City, for respondent.

FRICK, J.

The plaintiff, hereinafter called appellant, in her complaint in substance alleged that she was conducting an automobile repair shop in Salt Lake City "under the name of Coombs Hagen Shop"; that, upon the request of the defendant, appellant had rendered services and furnished material in building certain "wagon bodies and fitting the same to four trucks," and other similar work, stating in detail what work had been done, all of which, it was alleged, amounted in value to $1,182; that when the "work was completed on said respective jobs, plaintiff delivered the same as so repaired and built to the defendant, and the same was by defendant accepted"; that defendant at different times had paid appellant for said work, excepting the sum of $116, for which she prayed judgment.

The defendant in his answer to the complaint sets forth in detail the work that was done and the repairs that were made, the contract price for which, it is averred, was $1,141, and of which amount, the defendant averred, he had paid the sum of $1,066. The defendant, as an affirmative defense, set forth the nature and character of the work appellant had

agreed to do, and the character of material she had agreed to furnish, and that the material was defective and that the workmanship was likewise defective, stating the particulars in which both were so defective. The defendant also set up a counterclaim for damages for defective material and workmanship, stating the items of damage in detail and the amount thereof, and prayed judgment in his counterclaim for the sum of $368. The answer and counterclaim are of more than ordinary length, but we have attempted to state the substance thereof.

The appellant replied to the counterclaim denying that the work was to be done as alleged by the defendant, and averred that the same was done and that the material was furnished in accordance with defendant's "request and directions."

Upon substantially the foregoing issues the cause was submitted to a jury under instructions by the court. The jury returned a verdict as follows:

"We, the jurors, impaneled in the above case, find the issues in favor of the defendant on his counterclaim, and assess his damages in the sum of $193."

Judgment was duly entered upon the verdict. Appellant filed a motion for a new trial, which was denied, and she appeals from the judgment and assigns the following errors: (1) That the court erred in refusing her requests to charge the jury to which we shall hereinafter refer: (2) that the court erred in entering judgment on the verdict; and (3) that the court erred in denying appellant's motion for a new trial for reasons which will hereinafter appear.

The evidence is not incorporated into a bill of exceptions, but the court certified that each party had produced evidence in support of all of the issues presented in their respective pleadings.

The appellant requested the court to charge the jury as follows:

"You are instructed that, if you find from the evidence that after the trucks and cabs were built, changed, and remodeled, defendant accepted and received the same, without making and notifying plaintiff of any protest or objection, then he thereby waived all

claim for damages on account of defects in either workmanship or materials, or the manner in which the work was done, which he by use of reasonable inspection ought to have discovered."

Appellant also requested the court to charge that, if the defendant "received and accepted" the trucks "without objection and notice," he waived all "visible defects, and is estopped from claiming damages." Another request which appellant complains was refused was, however, given in substance by the court, and hence we shall not consider that request further. Another request related to the question of appellant's right to a lien upon the trucks, but that question was not in issue in the case, and hence that request was properly refused.

Recurring now to the refusal of the court to charge as requested in the request we have set forth, we are clearly of the opinion that the request does not correctly state the law, in that no time is therein stated within which the defendant was required to notify plaintiff of any defects either in the workmanship or materials that were delivered by her. Even in case of sale of goods or chattels, where no warranty is given, a reasonable time after the delivery of the goods is given the purchaser to reject the same because of defects. Comp. Laws Utah 1917, § 5157. Such is the law in all jurisdictions where the uniform sales act has been adopted. The law certainly is not more strict in case the owner of an expensive automobile or auto truck delivers the same to a mechanic to make more or less extensive repairs thereon. In such circumstances, the owner of the machine cannot well refuse to receive the same merely because the material and workmanship may not be in accordance with the contract. It is self-evident that it is not always possible for the owner to determine whether the workmanship or the material is up to the standard, or is in compliance with the agreement between the parties, if there was one, until after he has had an opportunity to use the machine and to observe the workmanship and the material. The owner should therefore have at least a reasonable time to learn of the defects, if there are any, and to notify the repairman thereof. It should be remembered that the ques-

tion involved here is one of waiver, and the owner certainly should not be hold to have waived a defect he had not discovered or which he did not have sufficient time or opportunity to discover. The rule is, we think, well stated by Bower, in his excellent work entitled the Law of Waiver, in section 21, where it is said:

"The acceptance or retention of benefits after the nonperformance or imperfect performance of a contract is a waiver of any right to consider such breach a discharge or release from the contract. But the acceptor does not thereby waive his claim for damages on account of such breach. This is justly so for the reasons hereinabove adverted to, that very often one in nowise in default may be compelled by the exigencies of the case to content himself with what is offered by the other party. And in such case, in making the best of a bad situation, he should not be robbed of a remedy that would permit him to measure accounts with his adversary, and thereby strike a true balance."

Much more is said upon the subject by the author, but the gist of what is said is to the effect that the modern decisions have somewhat modified the more rigid rule, and it is held in the more recent cases that, where the owner accepts an article or machine and uses it, he may not thereafter defeat a recovery by the mechanic or contractor upon the ground that the contract had been departed from, which fact, if it were a fact, under the old doctrine defeated recovery in toto for the reason that the mechanic could not prove that he had substantially complied with the contract, and hence he was not permitted to recover. Upon the other hand, it is held that the owner of an article or machine does not waive his right to reduce the contract price merely because he has accepted the article or machine, but, in case he has done so, he may nevertheless show that the work or material, or both, are defective and not according to contract. The principle is applied in the case of *Weber* v. *Beebe,,* 2 Boyce (Del.) 161, 77 Atl. 769, where repairs were made on a boat, and a waiver of defects was claimed. It is there held that the owner of the boat had a reasonable time after the receipt of the boat within which to discover defects and to notify the mechanic of such defects.

The court instructed the jury in the instant case that, if

"the defendant received and accepted said automobile trucks, but failed to give notice to the plaintiff of such defects and imperfections, after the defendant had reasonable opportunity to discover such defects, then the plaintiff would in such event be entitled to recover." In other words, if the defendant, after having had a reasonable opportunity to discover defects, failed to notify the plaintiff of such defects, the defendant would be deemed to have waived the defects, and plaintiff could recover the contract price notwithstanding the defects. The instruction certainly was as favorable to appellant as the law allowed. No one should be held to have waived defects until, and unless, he has had a reasonable time and opportunity to discover them.

The cases cited by appellant have no application to the facts of this case, and hence we refrain from referring to them. The court committed no error in refusing the appellant's request to charge.

It is next contended that the verdict does not cover the issues, and hence is not responsive thereto.

From the verdict of the jury, which we have set forth in full, it appears that the jury merely in general terms found the issues in favor of the defendant and stated the amount that was allowed him on his counterclaim. In other words, the verdict is a general as contradistinguished from a special verdict. Appellant contends, however, that the jury failed to pass upon the issues presented by her complaint and reply. Does that result necessarily follow from the mere fact that the jury returned a general verdict?

The court fully and plainly instructed the jury just how they should arrive at the amount of their verdict in case they found that the plaintiff was entitled to recover; and, if they further found that the defendant was also entitled to recover upon his counterclaim, the jury were plainly and explicitly told that the smaller amount found by them should be subtracted from the larger as found by them, and the difference should be the amount of their verdict, either for plaintiff or for defendant. That is, if they found the amount they allowed plaintiff was greater than the amount they

found for defendant, the difference between the two
amounts would constitute their verdict for plaintiff,          2
and vice versa if they found for defendant. That is
precisely what the law contemplates. It is not necessary for
the jury in their verdict to state the amount they allowed
to each of the parties, if such was the case. All that is
necessary for the jury to do is to state the balance that
they find in favor of either party, and designate the party
and the balance in their verdict. To that effect are all the
authorities so far as we are aware. See *Prichard Rice Mill-
ing Co.* v. *Jones* (Tex. Civ. App.) 140 S. W. 817; *Clemmons*
v. *Clemmons,* 68 Vt. 77, 34 Atl. 34; *Nowell* v. *Mode,* 132 Mo.
App. 232, 111 S. W. 641; *Edleman* v. *Kidd,* 65 Wis. 18, 26
N. W. 116.

The rule is clearly stated by the Supreme Court of Ver-
mont in *Clemmons* v. *Clemmons,* supra, in the following
words:

"Where a plea of set-off is pleaded, defendant is not entitled, as
a matter of right, to have the jury state in their verdict the re-
spective amounts found for each party. The only sum essential to
the verdict is the final amount due either party."

If appellant desired to have the jury find the amount they
allowed to each of the parties, she should have requested the
court to submit to the jury special findings to that effect.
Not having done so, she cannot now complain. We
do not mean to be understood as holding that it would          3
constitute prejudicial error to refuse such a request,
but what we do hold is that, where a party desires to have
the jury specially find the amount they allowed in favor
of each party where a counterclaim or set-off is pleaded,
such party should at least make a request for such finding.

It is next contended that the court erred in denying ap-
pellant's motion for a new trial, upon the ground of mis-
conduct of a juror. It is contended that one of the jurors
intentionally concealed the fact that he was biased and
prejudiced against the appellant by refusing to disclose his
bias and prejudice when questioned on his voir dire concern-
ing his state of mind. The juror, after stating that he owned
an automobile and that he had had it repaired, was asked

whether he had ever had any trouble "with them," referring to those who had repaired his automobile. He answered, "No." He was then asked whether he did not think that the repairman had charged him too much for the repairs. He answered, "Oh, yes." He said, however, that he had kept that to himself and paid the bills. He was further asked: "Do you know of any reason why you could not fairly and impartially try this case?" He answered, "No, sir." It appears that, after the case had terminated, appellant's husband went to see the juror, and he states in his affidavit in support of the motion for a new trial that he asked the juror how the jury arrived at a verdict against appellant. The affiant further states that the juror then told affiant that he had had trouble with the repairmen, and that they did not "stand back of their work," including the appellant, and went into some detail regarding the trouble he had had concerning repairs to his automobile and excessive charges in that regard. Affiant also states in his affidavit that the juror said: "You see my experience with mechanics is enough to make me bitter." The juror made affidavit to the effect that he admitted appellant's husband came to him and asked him, "What caused him and others of the jury to render a verdict against the plaintiff?" and that in said conversation appellants husband and the juror discussed "a certain transaction regarding the repairs of his automobile" by a repair shop in Salt Lake City, and they also discussed some trouble that the juror had with a plumber and paper hanger and a painter. The juror, however, denied that he said that mechanics in general failed to "stand back of their work" and denied that he was, at the time of the trial, or that he then was in any way, "biased or prejudiced or bitter against the plaintiff or against mechanics or workmen in general." The juror further said that, when he was accepted as a juror, he was not acquainted with appellant or her attorney, and that he entered upon the trial of said cause without any sympathy or bias for or against either party, and that no reason existed which made him an unfair or partial juror, and that in arriving at the

verdict he was entirely controlled by his convictions which were "induced by the evidence."

Appellant's counsel insists that the juror, by conceding the fact that he had had trouble with mechanics in having his automobile repaired, was guilty of misconduct, and that from his subsequent statement it also appeared that he was prejudiced against appellant. Counsel, in support of his contention, cites the following cases: *State* v. *Morgan*, 23 Utah, 212, 64 Pac. 356; *State* v. *Mott*, 29 Mont. 292, 74 Pac. 728; *State* v. *Lauth*, 46 Or. 342, 80 Pac. 660, 114 Am. St. Rep. 873; *Smith* v. *State*, 5 Okl. Cr. 282, 114 Pac. 350.

In all of the foregoing cases the defendants were convicted of capital offenses and sentenced to be executed, and in all of them affidavits were filed charging one or more jurors with misconduct, either in falsely answering questions upon their voir dire examinations, or touching their state of mind, or that they had made statements either before or during the trial which showed that they were prejudiced against the defendant on trial in a particular case. In all of those cases except one the trial court held that, where there is a conflict concerning the statements jurors are alleged to have made, and where the question of bias or prejudice is not clearly established, the question of whether a new trial should be granted upon the ground of misconduct of a juror or that he was prejudiced is a question that largely rests in the sound legal discretion of the trial court, and that appellate courts cannot interfere unless it is reasonably clear that the trial court has abused its discretion in refusing a new trial upon that ground. In *State* v. *Lauth*, supra, the defendant was convicted of murder in the first degree, and after verdict, in affidavits filed in support of his motion for a new trial, it was set forth that a juror had made false answers upon his voir dire examination respecting his state of mind, and that he was prejudiced against the defendant. The court held "the determination of the trial court as to the qualifications of the juror when his qualifications are attacked after verdict is subject to revision only where the court has abused its sound legal discretion." Such is the

holding in all of the foregoing cases, with one exception, in which the question is not discussed, as well as in others cited by appellant.

The mere fact that a juror may have had difficulty with a mechanic, or with several for that matter, over some work, is not conclusive upon the question that he cannot and will not fairly and impartially weigh and apply the evidence in a controversy arising between an owner of an auto truck and some mechanic who made repairs on the same. True it is that, if the juror in this case had disclosed the fact that he had had trouble with mechanics, he might have been challenged peremptorily, but it does not    **4, 5** even appear from this record that the appellant was in a position to thus challenge the juror. To hold that a trial court should have allowed a challenge when interposed at the time the juror is impaneled upon the ground that he discloses an unsatisfactory state of mind is one thing, while to reverse a judgment because the trial court refuses to set aside a verdict upon the same ground, is quite a different thing. Judgments in this jurisdiction are only to be reversed for causes which have, in fact, prejudiced one of the parties in a substantial right, and not for mere technical error which did not affect the result.

We remark that we have less hesitation in affirming this judgment for the reason that the case has been tried in two courts, and in both of them the facts were    **6** found against the appellant's contention.

The record in this case, in many particulars, is very incomplete, and we cannot say therefrom that the trial court abused its discretion in refusing a new trial, and hence the judgment should be, and it accordingly is, affirmed with costs.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.