## UNION PAC. R. CO. v. SUMMIT COUNTY.

No. 2834.   Decided November 22, 1916 (161 Pac. 463).

1. TAXATION—APPORTIONMENT BY STATE BOARD OF EQUALIZATION. The determination of the state board of equalization in apportioning railroad property for taxation as to the boundary line between two counties is conclusive for the current year[1]   (Page 542.)

2. TAXATION—APPORTIONMENT BY STATE BOARD OF EQUALIZATION —CORRECTION. The state board of equalization, after apportioning railroad property for taxation in one county in May, 1914, had the right and power to make a reapportionment of the property to another county on the 3d day of August, 1914.[1]   (Page 542.)

3. INTERPLEADER—BILL—DEMURRER. Where the state board of equalization had authority to reapportion railroad property for taxation to a certain county, a demurrer to the complaint alleging that both counties are attempting to collect tax, that plaintiff has refused to pay either county, and that the action is brought to interplead both counties to determine which is entitled to the tax, was properly sustained.   (Page 542.)

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong*, Judge.

[1] *Rich County* v. *Bailey et al., State Board of Equalization*, 47 Utah 378, 154 Pac. 773.

Interpleader by the Union Pacific Railroad Company against Summit County and another.

From Judgment sustaining a demurrer to the complaint, plaintiff appeals.

AFFIRMED.

*Geo. H. Smith, J. V. Lyle* and *Paul Williams* for appellant.

*P. H. Neeley* and *Evans, Evans & Folland* for respondent Summit County.

*Howat, Macmillan & Nebeker* for respondent Rich County.

STRAUP, C. J.

The case went off on demurrer to the complaint. In substance, it is alleged in the complaint that the plaintiff, in accordance with the statute relating to taxes, in February, 1914, furnished to the state board of equalization the mileage of its railroad to be 5.82 miles in Rich county and 41.72 miles in Summit county, together with the improvements and property necessarily incident thereto and the value thereof; that in accordance with such return the board, for the purpose of taxes, in May, 1914, apportioned the 5.82 miles to Rich county and the 41.72 miles to Summit county; but that thereafter, on the 3d of August, 1914, the board apportioned the whole of the mileage to Summit and none to Rich county. Then it is alleged that Rich county in May, 1914, proceeded to levy a tax on the 5.82 miles of railroad first apportioned to it, and that Summit county in August, 1914, also proceeded to levy a tax on the same 5.82 miles reapportioned to it, and that unless restrained both counties will proceed to collect the taxes on such mileage of 5.82 miles. The plaintiff further alleged that the 5.82 miles are "to the best of its information and knowledge" in Rich county, and not in Summit county; that it paid the taxes on the 41.72 miles properly assessed to Summit County, but, because both counties claim the tax on the 5.82 miles, the plaintiff, although at all times ready and willing to pay it to the proper authorities, refused to pay it to

either county.   Thus, as the plaintiff further avers, it brought this action to interplead both counties to determine in which county the 5.82 miles are and which county is entitled to the tax, and that both counties, in the meantime, be restrained from further proceeding to collect the tax.   To this complaint general and special demurrers were sustained.   The plaintiff stood on its complaint, whereon a judgment dismissing the action was entered, from which the plaintiff appeals.

Passing the raised questions of whether an interpleader lies because of the stated reasons that (1) the plaintiff is an interested party and has a direct financial interest in the outcome of the suit, (2) is not ignorant of the facts and asserts the disputed mileage to be in Rich County as claimed by that county and there subject to taxation, and (3) **1, 2, 3** has a plain, speedy, and adequate remedy at law, we think the disposition of the case turns on the question of whether the board of equalization had the right and power, on the 3d day of August, 1914, to apportion the 5.82 miles to Rich County and there to be subject to the tax.   And, as in effect stated by the plaintiff, the disposition of the case is dependent upon the question of whether the 5.82 miles are in Rich or in Summit County.   Such a question was before us in the case of *Rich County* v. *Bailey, et al., State Board of Equalization*, 47 Utah 378, 154 Pac. 773, where we held that the board's determination in apportioning railroad property for taxation as to the location of the boundary line between counties was conclusive for the current year.   There, as it was here alleged, the board apportioned the 5.82 miles to Summit County.   There we held that it was within the province of the board to determine whether the disputed railroad was within the one or the other county.   Here it is alleged that the board, in August, 1914, apportioned the 5.82 miles to Summit County.   It is not alleged that it did that wrongfully, erroneously, or without authority, or through mistake, or without a hearing or an investigation as to the boundary line, or even contrary to what the real fact is except the allegation, "to the best information and knowledge of the plaintiff the 5.82 miles are in Rich County."   The allegation as to that is:

"That thereafter, to wit, on or about the 3d day of August, 1914, the said State Board of Equalization changed the apportionment that it had theretofore made in accordance with the tax return aforesaid, and by said change allotted and apportioned that portion of the plaintiff's railroad line shown in the tax return by the State Board of Equalization as being located in Rich County, to wit, 5.82 miles, to Summit County in addition to the mileage theretofore allotted and apportioned by said State Board of Equalization to Summit County, and by said change did not apportion or allot to Rich County any of the mileage of this plaintiff's railroad."

In other words, for aught that appears, the apportionment made in May, 1914, apportioning the 5.82 miles to Rich County, may have been done inadvertently, or erroneously, or through mistake, and hence was corrected in August, 1914, when the 5.82 miles were apportioned as the board may have determined in accordance with the facts to Summit County. According to our prior holding, the board then had the right and power to do that. For this reason, we think the complaint insufficient, and that therefore the demurrer was properly sustained.

It thus follows that the judgment must be affirmed, with costs.

Such is the order.

FRICK, J., and MORSE, District Judge, concur.