THE STATE OF UTAH, Respondent, v. T. H. THOMPSON, Appellant.

No. 1339.   (67 Pac. 789.)

**Criminal Law: New Trial: Biased Juror.**

It is ground for new trial that a juror who, on his *voir dire*, said he knew of no reason why he should not sit in the case, was a director, stockholder, and debtor of the company whose store defendant was charged with having burglarized; defendant or his attorney not having known this until after the trial.

State v. Thompson.

(Decided February 18, 1902.)

Appeal from the Sixth District Court, Garfield County.—
*Hon. W. M. McCarty,* Judge.

The defendant was convicted of the crime of burglary
and appealed.

REVERSED.

*William F. Knox, Esq.,* for appellant.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W.
R. White,* Deputy Attorney-General, for the State.

The appellant complains that he did not have a fair and
impartial trial, for the reason that one of the jurors who tried
the case, James P. Showalter, was at the time a director of
the firm of Cameron & Sevy, and not only was he a director
in said firm, but was also indebted to it. This objection is
without merit. The fact that a person is a member of the
directory of a corporation, or is indebted to it, does not dis-
qualify such person from sitting on a jury for the trial of a
person charged with burglarizing the store of such corporation.
These matters are purely questions of challenge, which must
be raised by the defendant himself if he wishes to take ad-
vantage of them. Secs. 1297 and 4834, R. S.

BASKIN, J.—The information alleges that the de-
fendant "on the eighth day of January, A. D. 1901, at the
county of Garfield, State of Utah, in the nighttime of said
day, to-wit, about the hour of eleven in the night of said day,
did forcibly, unlawfully, feloniously, and burglariously break
and enter the store of Cameron & Sevy, a corporation, with
intent then and there the goods and chattels of the said Cam-
eron & Sevy, a corporation, in the said store then and there

being, then and there unlawfully, feloniously, and burglariously to steal, take, and carry away, and then and there, in the said store, three dollars in scrip, of the value of three dollars, of the goods and chattels of the said Cameron & Sevy, a corporation, in said store then and there being found, then and there feloniously and burglariously did steal, take, and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Utah." James F. Showalter, a member of the jury impaneled and sworn to try the case, when being examined on his *voir dire*, was asked the question by the attorney of the defendant, "Do you know of any reason why you should not sit in this case?" and he answered, "No, sir." The defendant made a motion for a new trial on several grounds, one of which was based upon the facts that said James F. Showalter was at and before the trial a director and stockholder of the said firm of Cameron & Sevy, whose store the defendant was charged with having burglarized, and was indebted to said firm, and that these facts were not known to the defendant or his attorney until after the trial was over. The motion was overruled, and the defendant excepted. This action of the trial court is one of the assignments of error relied upon by the defendant. The foregoing facts were shown by an affidavit filed in support of the motion, and are not disputed by the attorneys for the State. The defendant was entitled to a trial by an impartial jury. The facts disclosed show that Showalter was not an impartial juror. If he is a man of ordinary intelligence, he must have known that his relation to said firm was a good and sufficient reason why he should not sit in the case.

The Attorney-General contends that, as the facts in question were a ground of challenge, the defendant, if he wished to take advantage of them, should have raised the question by challenging the juror. It does not appear that either the defendant or his attorney was aware of the facts until after

the trial.   The juror should have revealed his relation to said firm.   His answer to the question asked him by defendant's attorney was well calculated to mislead the defendant and set his mind at rest in regard to the impartiality of the juror.

The judgment is reversed, and the case remanded for a new trial.

MINER, C. J., and BARTCH, J., concur.