# D. P. TARPEY, Respondent, v. ANDREW MADSEN, Appellant.

### No. 1458.    (73 Pac. 411.)

**1. Trial: Jurors: Voir Dire.**

The object of the examination of jurors on their *voir dire* is to ascertain whether there are grounds for a challenge for either actual or implied bias, and to enable an accused to exercise intelligently his peremptory challenge.[1]

**2. Same: Prejudice of Juror: New Trial: Surprise.**

When a juror on his *voir dire* fails to disclose a material fact as to his relations to either of the parties in answer to questions adequate to elicit the same, the party asking the questions, if he and his attorney are ignorant of the facts, is deprived of the benefit he should have from the examination, and is entitled to a new trial, under Revised Statutes 1898, section 3292, subdivision 3, making accident or surprise which ordinary prudence could not have guarded against ground for a new trial.

**3. Same: Relation of Debtor and Creditor.**

Where a juror on his *voir dire* states to defendant's counsel that there is no relation of debtor and creditor between himself and plaintiff, and that he knows of no reason why he can not render a just verdict, when in truth the juror has a suit pending between himself and others and the plaintiff to compel the plaintiff to convey certain land, etc., the defendant, on discovering such facts after trial, is entitled to a new trial, under section 3292.[2]

**4. Ejectment: Compromise Agreement: Construction.**

Plaintiff and defendant in ejectment agreed that plaintiff should purchase the premises involved, for a certain price, but that, in the event of failure of plaintiff to purchase within a specified time, defendant should be released from his obligation to convey, and plaintiff forfeit all right thereto. *Held*, that the forfeiture clause in the contract referred to the title of plaintiff involved in the ejectment suit.

[1] State v. Morgan, 23 Utah 212, 64 Pac. 356; State v. Thompson, 24 Utah 314, 67 Pac. 789.
[2] State v. Morgan, 23 Utah 212, 64 Pac. 356; State v. Thompson, 24 Utah 314, 67 Pac. 789.

5. **Same: Equitable Estoppel: Pleading: Practice.**
Where, in ejectment, defendant pleads an equitable estoppel, the same should be first passed on by the court.

6. **Same: Appeal: Amendments.**
In ejectment, defendant's answer alleged that prior to such action a third party was proceeding against defendant in ejectment for the same land, when it was agreed between defendant and such party, that the latter should purchase the land, and, in event of his failure to do so within a certain time, forfeit all his rights, and that there had been a forfeiture, all of which plaintiff knew at the time a conveyance of the land was made to plaintiff by the other party to the contract. The answer did not allege that the agreement was made in compromise of the ejectment suit, but defendant claimed such to be the case. *Held,* on appeal from a judgment for plaintiff, that defendant should be granted leave to amend his answer so as to set up the compromise.

(Decided August 10, 1903.)

Appeal from the First District Court, Box Elder County.—*Hon. Charles H. Hart,* Judge.

Action of ejectment. From a judgment in favor of the plaintiff, the defendant appealed.

REVERSED.

*B. H. Jones, Esq.,* for appellant.

*L. R. Rogers, Esq.,* for respondent.

BASKIN, C. J.—This is an action of ejectment. The answer denies the alleged title of the plaintiff, pleads the statutes of limitation, and also alleges, in substance, that the said D. P. Tarpey on the 26th day of April, 1890, entered into an agreement to sell the premises described in the complaint to one A. H. Snow while the defendant, Andrew Madsen, was in open and notorious possession of the same; that on the 25th of April, 1891, the said Snow commenced an action of ejectment

in the court below against the said Madsen to recover said premises; that on the 21st of September, 1891, the said D. P. Tarpey and his wife executed and delivered to the said Snow a deed in which said premises were, in terms, conveyed to said Snow; that while the action of ejectment between the said Snow and Andrew Madsen was still pending, on the 6th of June, 1891, they entered into an agreement by which the said Madsen agreed, in consideration of one dollar and the covenants on the part of the said Snow, to sell and convey, by quitclaim deed, said premises to him, upon the payment of $500, and in consideration of the premises the said Snow agreed to pay to the said Madsen, within sixty days, said sum, and upon the conveyance of said premises to him. It was further mutually agreed that, in the event of a failure of the said Snow to comply with the terms of the agreement, the said Madsen should be released from his obligation to so convey said premises, and the said Snow should forfeit all right thereto. Afterwards the time of payment was extended thirty additional days. Before the expiration of the extended time for payment, the said Snow notified the said Madsen that he had determined not to take the land, and has ever since failed to perform his part of the agreement; that the said D. P. Tarpey had full knowledge of said agreement, and that the said Snow had abandoned it and failed to perform its conditions, and forfeited all rights to said premises; yet, notwithstanding his full knowledge of the above facts, he, on the 11th of January, 1892, pretended to purchase from the said Snow, and took a conveyance of the same from the said Snow and his wife. Afterwards the said D. P. Tarpey, on the 12th of January, 1894, instituted the present suit, and judgment was rendered in his favor.

The defendant made a motion for a new trial, on the grounds, among others, of the misconduct of the jury, and accident and surprise which ordinary prudence could not have guarded against. The motion was denied, and the appellant has assigned this as error.

Tarpey v. Madsen.

In support of this motion the affidavit of the defendant was introduced, in which he, in substance, deposed ''that he is informed and believes, and therefore states the fact to be, that the examination of the jury in this case was not taken down by the official reporter; that his counsel examined the juror Moroni Jensen respecting his relationship with the plaintiff, and that the said juror stated that the relation of debtor and creditor did not exist between him and the plaintiff, and that the said juror stated that he knew of no reason why he could not sit in the case, and a just and fair verdict render according to the evidence as given in open court, and according to the law as laid down by the judge, while in truth and in fact the said juror Moroni Jensen had a suit pending at that very time between himself and five others, and the plaintiff herein, to compel the plaintiff herein to convey certain land, or to return the purchase price paid, which, together with the interest, amounted to $17,000; that said case had been continued for the term under a promise of the plaintiff herein to convey the land or return the purchase price to the said juror Jensen and his co-plaintiffs as soon as his arrangements could be made with the C. P. R. R. Company. Affiant further states that he knew nothing of these facts until after the trial, and that, while his counsel knew of the aforesaid cases, he did not know that the aforesaid jurors were the identical parties interested in the same.'' As the foregoing statements are not controverted by the plaintiff, they must be taken as true. The object of the examination of jurors on their voir dire is, as stated in the case of State v. Morgan, 23 Utah 212, 225, 64 Pac. 356, ''to ascertain whether there are grounds for a challenge for either actual or implied bias; also to enable the accused to exercise intelligently his peremptory challenge.'' See, also, State v. Thompson, 24 Utah 314, 67 Pac. 789. When a juror fails to disclose material facts in respect to his relations to either of the parties, in answer to questions adequate to elicit the same, the party asking

the questions, if he and his attorney are ignorant of the facts, is thereby deprived of the benefits which he would otherwise derive from such examination, and under the provisions of subdivision 3, sec. 3292, Revised Statutes 1898, it constitutes such a surprise as "ordinary prudence could not have guarded against," and furnishes grounds, under said section, for a new trial. As such a showing as this is made by the defendant's affidavit, the trial court erred in overruling the motion for a new trial. See cases before cited.

2. The appellant claims that the agreement between him and Snow, set up in the answer, was made as a compromise of Snow's ejectment suit, and, as Tarpey had notice of the same, that it is an equitable estoppel both as to Snow and Tarpey, and was pleaded as such. The answer fails to allege the fact that it was made in compromise of said action. The appellant also claims that the equitable estoppel pleaded was a matter for the court, and not for the jury, to pass upon; but he went to trial before the jury without requesting the court to first pass upon his equitable defense. In the opinion of the trial court, delivered in overruling the motion for a new trial, the judge said that "I am inclined to think, so far as the question is involved at this time, that the forfeiture clause in the Snow-Madsen agreement cannot be considered as applying to any title Snow might have independent of said contract. The most reasonable construction would appear to be that, if Snow failed to pay the purchase price, he forfeited all rights to the land under said contract. . . . It does not occur to the court what equitable issues there are involved in this case that should be heard by the court, but, if there were any such, counsel should have requested the trial of the same before going to trial with the jury. If there are any such issues, counsel may yet have the same heard in accordance with the suggestion in plaintiff's brief." We are of the opinion that the forfeiture clause in the Snow-Madsen contract referred to the title of Snow involved in his

ejectment suit. · As the case is to be remanded for a new trial, the question of the equitable estoppel should be first passed upon by the court.  2 Estee's Pl. and Pr., secs. 3777, 3779.  As the compromise claimed by the appellant is not alleged in the answer, and the equitable estoppel set up is informal, leave should be granted to the appellant to amend his answer.

It is ordered that the judgment be reversed, with costs, and the case remanded for a new trial in accordance with this opinion, and that leave be granted to the defendant to amend his answer.

BARTCH and McCARTY, JJ., concur.