Appeal from Third District.

## AUDIA. v. DENVER & R. G. R. CO. et al.

No. 2614. Decided January 27, 1915 (146 Pac. 559).

1. APPEAL AND ERROR—TIME WITHIN WHICH TO APPEAL—DENIAL OF MOTION FOR NEW TRIAL. The time within which an appeal must be taken begins to run from denial of motion for new trial, as that makes the judgment final and appealable. (Page 460.)

2. NEW TRIAL—MOTIONS—TIME FOR MOTIONS. The district court may not, without a sufficient application and showing, allow the filing of a second notice of motion for new trial setting forth a new ground after the expiration of the statutory time for the filing of motion for new trial.[1] (Page 460.)

3. NEW TRIAL—APPLICATION—GROUNDS. A party applying, under Comp. Laws 1907, section 3005, for leave to file a motion for new trial after the expiration of the statutory time, must produce evidence on which the court can base findings that through no fault of the party he was prevented from filing a notice of motion for a new trial within the statutory time, and why he did not apply for an extension of time within the statutory limitation.[2] (Page 462.)

4. NEW TRIAL—APPLICATION—FINDINGS. Where an application, under Comp. Laws 1907, section 3005, for leave to file a notice of motion for new trial after the statutory limitation is made, the court, to protect the rights of the parties, should make findings and base its action thereon, so that a party aggrieved may have court's action reviewed. (Page 463.)

Appeal from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by Pictro Audia against the Denver & Rio Grande Railroad Company and another.

Judgment for defendants. Plaintiff appeals.

DISMISSED.

---

[1] *Blue Creek, etc., Co.* v. *Anderson,* 35 Utah 61; 99 Pac. 444; *Luke Coleman,* 38 Utah 383; 113 Pac. 1023; Ann. Cas. 1913B, 483.
[2] *Tooele Imp. Co.* v. *Hoffman,* 44 Utah 532; 141 Pac. 744; *Felt* v. *Cook,* 31 Utah 299; 87 Pac. 1092.

*C. S. Patterson,* for appellant.

*Van Cott, Allison & Riter* for respondents.

FRICK, J.

The plaintiff commenced this action in the district court of Salt Lake County to recover damages for personal injuries against the Denver & Rio Grande Railroad Company and the Utah Fuel Company. Upon a trial the district court sustained a motion for nonsuit in favor of the railroad company and submitted the case upon the evidence to the jury against the fuel company. The jury found the issues in favor of said company, and the plaintiff appeals.

We are met at the threshold with a motion to dismiss the appeal upon the ground that the same was not taken within the time required by our statute, namely, six months from the entry of the judgment. This court has persistently held that the six months begin to run from the time that the motion for a new trial, if one is filed, is denied, as that makes the judgment final and appealable. The record shows that notice of motion for a new trial in this case was filed March 7, 1913, and that the motion was denied on April 12, 1913. Notice of that fact was served on appellant on the same day. The judgment therefore became final and appealable on the day following and the six months within which to take the appeal expired on the 13th day of October, 1913. The notice of appeal in this case was not served and filed until the 20th day of January, 1914, or more than nine months after the motion for a new trial was denied. Appellant, however, insists that his appeal is timely for the following reasons:

On the 12th day of July, or three months after the motion for a new trial had been denied, the appellant asked and obtained leave from the district court to file a second notice of motion for a new trial. This notice contained two grounds: (1) Errors in law occurring at the trial, and (2) newly discovered evidence. The first ground had also been included in the first motion, but the second ground had not. The only showing made to the district court to

invoke its power or jurisdiction to grant leave to file a second notice of motion for a new trial was the usual and ordinary affidavit which, under the statute, must be filed in support of the ground for newly discovered evidence. The court made no findings with regard to the grounds or reasons upon which it allowed the appellant to file a second notice for a new trial and overruled respondents' objections which they interposed to the filing thereof. Respondents always have challenged, and they in this court challenge, the power or jurisdiction of the district court to authorize the filing of the second notice of motion for a new trial. Under our statute (Comp. Laws 1907, section 3294) an application or notice of motion for a new trial must be filed "within five days after the verdict of the jury  *  *  *  or after notice of the decision of the court." The court, however, may, if application is timely made therefor, extend the time beyond the five days, and to do so has become the uniform practice in this jurisdiction. We have held, however, that the district courts do not possess the power to allow the filing of a notice of motion for a new trial, or to amend one by including therein a new or independent ground after the statutory time, or a proper extension thereof, has expired. *Blue Creek, Etc., Co.* v. *Anderson,* 35 Utah 61; 99 Pac. 444. In that case the appellant was permitted to amend its notice of motion for a new trial after the time for filing a notice of motion had expired by adding thereto a new and independent ground. The power of the court to allow the amendment was challenged in this court, and Mr. Justice Straup, in the course of the opinion in the case, says:

"The question is: Can a notice of motion for a new trial be amended by adding thereto a new and independent ground therefor after the expiration of the time allowed by the statute or enlarged by the court in which to serve and file such a notice of motion? The authorities are to the effect that the court in such case is without authority to permit such an amendment. (Citing authorities.) The original notice as filed was on the grounds of insufficiency of evidence to justify the verdict and errors in law occurring at the trial. The proposed amendment, newly discovered evidence, was not germane to anything contained in the original notice, but added an independent ground for the motion, and was, in effect, *an offer to file a new notice.*" (Italics ours.)

It will thus be seen that the reason or ground of the decision is that the proposed amendment there in question was in effect a new notice of motion, and for that reason it was held that the court had not the power to grant the relief as was attempted by merely granting permission to file the new notice of motion. That case is therefore decisive of the question involved here. In principle, however, the same result was reached in the case of *Luke* v. *Coleman,* 38 Utah 383; 113 Pac. 1023, Ann. Cas. 1913B, 483, where it was held that the district courts did not possess the power to grant rehearings respecting their rulings upon motions for new trials, and in that way and by that method extend the time for appeals.

The district courts, under the provisions of section 3005, may, however, allow a notice of motion for a new trial to be filed after the time limited in section 3294, *supra,* when a proper application and sufficient showing therefor is made. The party applying for relief under that section, however, must, in order to invest the court with power or jurisdiction to act, do more than merely move the court to act upon the filing of the necessary affidavit which the statute (section 3293) requires to be filed in support of the grounds set forth in that notice of motion for a new trial. The affidavit required by that section, and no other, was filed in this case. Such an affidavit, standing alone, is insufficient to invoke the power of the court to allow a notice of motion to be filed after the statutory time or a proper extension thereof has elapsed. In order to invoke the jurisdiction of the court for that purpose, under section 3005, the procedure outlined in the cases of *Tooele Imp. Co.* v. *Hoffman,* 44 Utah 532; 141 Pac. 744, and *Felt* v. *Cook,* 31 Utah 299; 87 Pac. 1092, should be followed. The applicant must produce proper evidence upon which the court can base findings that through no fault of his he was prevented from filing a notice of motion for a new trial within the time fixed by our statute, and, further, produce satisfactory evidence why he did not apply for an extension of time at some time within the statutory limitation. The court may not, without a sufficient application and showing, grant relief in such cases after the statutory time, or an enlargement thereof, has expired, any

more than it can grant relief or enter judgment in any case without proper pleadings or motions and proofs and findings thereon in accordance with the forms of law and procedure. This is what we have sought to impress upon both the courts and the bar by what we have said in the cases referred to. The application in this case was wholly insufficient to invoke the power of the court to grant the relief of filing a new notice of motion for a new trial.

In every case, therefore, where a proper application is made, in order to protect the rights of all concerned, the court should make findings and base its action, whatever it may be, thereon, and in that way give all the parties affected thereby an opportunity to review such **4** findings and action of the court based thereon in this court with the principal case.

For the reasons indicated, we are without jurisdiction to entertain this appeal, and for that reason the same is hereby dismissed, with costs:

McCARTY, J., concurs.

STRAUP, C. J.

I concur. To move for a new trial under section 3005, the applicant is required to give notice that leave to file such a motion will be asked, and on the hearing thereof to show by affidavit or by testimony some reason satisfactory to the court or the Judge thereof excusing a failure to file such a motion within the time prescribed by the statute or enlarged by the court. If found sufficient, leave to file the motion should then be granted; otherwise not. It should not be allowed as matter of course nor without notice or without a showing. No showing was here made nor attempted to be made.