BROWNING v. BANK OF VERNAL.

No. 3695.  Decided May 31, 1922.  (207 Pac. 462.)

1. JURY—RELATIONSHIP OF DEBTOR OR CREDITOR GIVES RIGHT TO CHALLENGE FOR CAUSE. The fact that a juror sustains the relationship of debtor or creditor to a party to an action does not disqualify the juror to act, but it gives to the litigant the right to challenge for cause.

2. JURY—RIGHT TO CHALLENGE MAY BE WAIVED. The right to challenge a juror sustaining the relationship of debtor or creditor to a party to an action is waived where the parties, knowing the fact of relationship, neglect to interpose a challenge.[1]

3. APPEAL AND ERROR—SCOPE OF REVIEW ON CLAIM OF EXCESSIVE DAMAGES. On review of an assignment that damages were excessive and appeared to have been given under the influence of passion or prejudice, the only question for determination by the appellate court is whether it can be determined as a matter of law under the circumstances that the damages were so excessive as to appear to have been given under the influence of passion or prejudice.

4. BANKS AND BANKING—BANK REFUSING TO PAY CHECK OF MERCANTILE DEPOSITOR LIABLE IN DAMAGES WITHOUT PROOF. Failure of a bank to pay checks of depositor engaged in a mercantile business having sufficient money on deposit to pay the checks entitles the depositor to recover substantial damages without proof of actual damages.

[1] *State* v. *Morgan*, 23 Utah, 212, 64 Pac. 356; *State* v. *Thompson*, 24 Utah, 314, 67 Pac. 789; *Tarpey* v. *Madsen*, 26 Utah, 294, 73 Pac. 411.

5. BANKS AND BANKING—$500 HELD NOT EXCESSIVE FOR FAILURE OF
BANK TO PAY CHECKS OF MERCANTILE DEPOSITOR. A verdict for
$500 damages against a bank refusing to pay checks of a mer-
cantile depositor having sufficient funds to cover *held* not so
excessive as to warrant reviewing court in disturbing the same,
or to conclude as matter of law that it was given under the
influence of passion or prejudice, though evidence was indefinite
as to any specific amount of damages sustained.[2]

Appeal from District Court, Fourth District, Uinta
County; *A. B. Morgan*, Judge.

Action by Mrs. W. J. Browning, otherwise Mary B. Brown-
ing, against the Bank of Vernal. Judgment for plaintiff,
and defendant appeals.

AFFIRMED.

*Charles De Moisy*, of Vernal, for appellant.

*Wallace Calder*, of Vernal, for respondent.

GIDEON, J.

Respondent (plaintiff below) instituted this action against
appellant (defendant below) to recover judgment upon two
counts or causes of action separately stated in the complaint.
The appellant is a banking corporation.

In the first cause of action it is alleged that the respondent
was a depositor with the appellant. In the month of October,
1918, it is stated, appellant wrongfully applied to its own use
certain moneys in such deposit against the will and without
the consent of the respondent, and has refused and still re-
fuses to pay her checks or orders upon such deposit. Judg-
ment was asked for the amount claimed to have been thus
applied and for interest. In the second count respondent
seeks to recover damages for the refusal of appellant to pay

---

[2] *Stephens R. & L. S. Co.* v. *Union Pacific*, 48 Utah, 538, 161 Pac.
463.

checks or orders drawn by her against the account. The answer admitted the deposit of certain amounts to the credit of respondent, but denied that the money so deposited was the property of respondent, or that it had wrongfully or without respondent's consent applied to its own use any of the moneys placed to the credit of respondent. The jury gave respondent judgment on the first count for the full amount claimed, and upon the second count for $500 damages.

A motion for a new trial was denied. The ruling of the court in denying that motion is the only error assigned. Two of the grounds stated in the motion for a new trial are (a) misconduct of jury, and (b) "excessive damages, appearing to have been given under the influence of passion and prejudice." Other grounds are stated in the motion, and, while not waived by appellant, are not discussed at any length in the brief. The two grounds above stated are the only ones, in our judgment, that require consideration.

It appears from the affidavit of the assistant cashier of appellant that one of the jurors sustained the relationship of debtor to the bank at the time of the trial. It likewise appears that in the examination of such juror he failed to disclose the fact of such relationship. From the affidavits submitted on the motion for a new trial it appears that the juror had executed a note with others as a joint maker. This note was, on the morning of the trial, presented to the appellant bank and by it accepted and a loan made. It does not appear, however, that the juror was aware that the note had been presented to the bank or that a loan had been made at that time. Be that as it may, it is also made to appear that the assistant cashier had personal knowledge of the relation-. ship of the juror to the bank, was present in court at the time of the examination of the jurors respecting their qualifications to act as jurors, made no objections to the juror serving, and did not advise appellant's counsel of the fact of the relationship. The fact that a juror sustains the relationship of debtor or creditor to a party to an action does not disqualify the juror to act, but it gives to the    **1, 2**

litigant the right to challenge for cause such juror.

That is a right that can be waived. Under all the authorities that we have examined, where the parties knowing the fact of the relationship neglect to interpose a challenge, the right to afterwards object is lost. The law applicable is concisely stated in 17 Std. Ency. Pro. 132 as follows:

"No matter how good one's cause of challenge may be, it is clearly waived where no objection is made when the jury is impaneled, especially when he knew the facts constituting the grounds of challenge. It must appear that neither the party nor his counsel had knowledge of the disqualification."

See, also, 16 R. C. L. 287.

Counsel for appellant cites, in support of its contention, the opinions of this court in *State* v. *Morgan,* 23 Utah, 212, 64 Pac. 356; *State* v. *Thompson,* 24 Utah, 314, 67 Pac. 789; *Tarpey* v. *Madsen,* 26 Utah, 294, 73 Pac. 411. These cases do not support counsel's position. It will be found upon an examination that in each case neither the party complaining nor his counsel knew of the disqualification at the time of impaneling the jury. To permit appellant now to insist upon the disqualification of the juror as grounds for new trial, when the fact of such disqualification was known to the officers of the appellant at the time of the trial, would be to permit litigants to trifle with the court.

Respecting the second ground urged, it is made to appear from the complaint and from the evidence that the respondent was engaged in business at Pleasant Grove, Utah county, or was opening up a millinery business at that place. The checks drawn by her were in payment of goods to be used in said place of business. It also appears that the respondent had been engaged in business at other places within the state of Utah, if not continuously, at least intermittently, for the past 20 years. Her testimony was that she had been damaged by the failure of appellant to honor her checks, that she had been humiliated in not having such checks paid, and that certain goods which she had ordered for her business had to be returned to the wholesalers. It is true that the testimony is indefinite as to any specific amount of damage sustained, and it must be admitted that the        3

jury was quite liberal in the amount of damages awarded. However, the only question for determination by this court is, Can it be determined as a matter of law, under the circumstances, that the damages were so excessive as to appear to have been given under the influence of passion or prejudice?

That a commercial bank refusing to pay a check drawn upon an open account of a depositor is liable in nominal damages cannot and will not be disputed, assuming that at the time the check is presented for payment there are sufficient funds to the credit of the drawer to pay the same. The relationship of a bank to the depositor is such that a failure to honor a check drawn on an account and not in excess of the amount on deposit is a breach of the contract existing between the parties. The courts generally hold, and such is the common-law rule, that failure of a bank to pay the check of a merchant or trader entitles the drawer to substantial damages without any proof of actual damages. The rule under the common law, and in this country in the absence of statute, as the same affects a merchant or trader, is concisely stated by the Court of Appeals of California in the second headnote to *Reeves* v. *First Nat. Bank,* 20 Cal. App. 508, 129 Pac. 800, as follows:

"Where it appears that the plaintiffs suing the bank for the wrongful dishonor of their check were established in business, such wrongful dishonor raises the presumption that the drawers have sustained substantial damages, the amount of which it is for the court or jury trying the case to fix, as general compensatory damages, in the absence of any showing of special damages."

In 5 R. C. L. p. 549, the same principle is stated as follows:

"Although the right to recover substantial damages does not depend on the depositor's occupation, yet it is held that there is a distinction between an ordinary depositor and a depositor who is a merchant or trader. If the depositor is a merchant or trader it will be presumed without further proof that substantial damages have been sustained. * * *"

In 2 Morse, Banks and Banking (5th Ed.) p. 63, it is said:

"But the better authority seems to be that, even if such actual loss or injury is not shown, yet more than nominal damages shall

be given. It can hardly be possible that a customer's check can be wrongfully refused payment without some impeachment of his credit, which must in fact be an actual injury, though he cannot from the nature of the case furnish independent distinct proof thereof. It is as in cases of libel and slander, which description of suit, indeed, it closely resembles, inasmuch as it is a practical slur upon the plaintiff's credit and repute in the business world. Special damage may be shown, if the plaintiff be able; but, if he be not able, the jury may nevertheless· give such temporary [temperate] damages as they conceive to be a reasonable compensation for that indefinite mischief which such an act must be assumed to have inflicted according to the ordinary course of human events."

Other authorities are found in the notes to *McFall* v. *First Nat. Bank*, 138 Ark. 370, 211 S. W. 919, 4 A. L. R. 947. The same case is reported in 138 Ark. 370, 211 S. W. 919, 4 A. L. R. 940.

As indicated, it appears in this record that the respondent was engaged in a mercantile business. Applying the principle of law stated in the foregoing authorities, can it be said that the amount of the verdict is so excessive that it must be held to have been given under the influence of prejudice or passion?

In *Stephens R. & L. S. Co.* v. *Union Pacific*, 48 Utah, 538, 161 Pac. 463, this court, in considering whether the amount of the verdict had been influenced by passion or prejudice, says:

"We can discover nothing in this case, except the amount allowed, which indicates passion or prejudice, and, as we have seen, passion or prejudice may not be inferred alone from the fact that an excessive amount is allowed by a jury unless the amount is so grossly excessive that it shocks the ordinary man's sense of justice."

The jury, by returning a verdict in favor of respondent on the first cause of action, necessarily must have found that she had on deposit with the appellant sufficient money to pay the checks which she drew against the account. Under that state of facts, failure on the part of appellant to pay such checks entitles the respondent to recover substantial damages without proof of actual damages. By reason of this presumption, and in the light of the testimony, we do not feel justified in holding that the verdict of the

jury is so excessive as to warrant the court in disturbing the same, or to conclude as matter of law that it was given under the influence of passion or prejudice.

We find no reversible error in the record. Judgment affirmed, with costs.

CORFMAN, C. J., and THURMAN, WEBER, and FRICK, JJ., concur.