CHARLOTTE T. HINTON v. OVAN A. HINTON.

(Filed 5 December, 1928.)

**1. Jury—Qualifications of Jurors—Alienage.**

While alienage is not a statutory disqualification of a juror, C. S., 2312, it existed at common law, not changed by statute, and is recognized as a disqualification in the courts of this State. C. S., 970.

**2. Same—Duration of Disqualification.**

Alienage disqualifies a person from serving as a juror until the process of naturalization has been completed.

**3. New Trial—Grounds—Disqualifications of Jury—Verdict.**

Where under examination for cause a juror has misstated the fact that he was an alien, and it is made to appear that the party examining him was misled thereby and would not have accepted him had the truth been known to him, on appeal the action of the trial judge in setting aside an adverse verdict as a matter of law will be sustained.

**4. Motions—Hearings—Agreement of Parties for Hearing at Subsequent Term—Judges.**

Where a party to the action has duly moved to set aside the verdict of the jury for the disqualification of a juror serving thereon, the adverse party may not successfully object that the motion was acted upon at a subsequent term of the court when he had consented to the continuance of the motion.

CIVIL ACTION, before *Sinclair, J.,* at June Term, 1928, of NEW HANOVER.

The plaintiff instituted an action against the defendant, her husband, for support under C. S., 1667. The issue was answered by the jury in favor of the plaintiff. There was a motion to set aside the verdict and the following judgment was rendered:

"This cause having been called for trial and being heard at the March Term, 1928, and the jury having rendered its verdict and upon the rendition of said verdict the defendant moved the court to set aside the same, which motion has been, by consent, continued to this date for determination.

And the respective parties having filed affidavits; and upon the hearing of the motion the court finds as a fact that one of the jurors, William Ehlers, was by counsel for the defendant, examined as to his competency to sit as a juror, and was asked if he was a citizen of the United States? To which the said juror replied 'Yes,' when in truth and fact he was an alien and not a citizen of the United States. And had said juror stated that he was not a citizen of the United States, counsel for the defendant would have rejected him as being disqualified. The court

further finds as a fact that the defendant had not exhausted his last peremptory challenge at the time defendant passed said juror.

The court further finds as a fact that counsel for the defendant were misled by the juror's answer as aforesaid.

Upon the foregoing facts the court, being of the opinion that the defendant is entitled to have the verdict set aside and a new trial ordered:

It is now, therefore, ordered by the court, that the verdict be, and the same is hereby set aside and a new trial ordered as a matter of law.

It is further. ordered that the order of the Hon. W. A. Devin heretofore entered in this cause be continued in force until the case is retried or until the further order of the court."

From the foregoing judgment the plaintiff appealed.

*Rodgers & Rodgers for plaintiff.*
*E. K. Bryan and L. Clayton Grant for defendant.*

BROGDEN, J. Is an alien qualified to act as a juror?

The statutory qualifications for jurors are contained in C. S., 2312. Alienage is not a statutory disqualification for jury service in this State, but the common law prevails in this jurisdiction except to the extent it is repealed or modified by statute. C. S., 970. Under the common law an alien was not qualified to serve as a juror. 1 R. C. L., 802; *Reich v. State,* 53 Ga., 73; *People v. Baker,* 27 N. W., 539. As far back as 1824 this Court decided in *Ex parte Thompson* that an alien was not qualified to serve as an attorney at law for the reason that an attorney is an integral part of the administration of justice in our courts. By analogy a juror is equally an integral part of the due administration of the law. The common law theory of a jury was based largely upon the idea of vicinage. Thus, in *S. v. Cutshall,* 110 N. C., 538, 15 S. E., 261, the Court said: "The jury must also be summoned from the vicinage where the crime is supposed to have been committed; and the accused will thus have the benefit on his trial of his own good character and standing with his neighbors, if these he has preserved, and also of such knowledge as the jury may possess of the witness who may give evidence against him. He will also be able with more certainty to secure the attendance of his own witnesses." Indeed, this principle has been so far extended as to require that jurors must be residents of the county where the action is instituted, subject, of course, to such statutory modifications as have been prescribed from time to time. *S. v. White,* 68 N. C., 159; *S. v. Upton,* 170 N. C., 769, 87 S. E., 328; *S. v. Levy,* 187 N. C., 581, 122 S. E., 386.

It is clear, therefore, that the law not only guarantees the right of trial by jury, but also the right of trial by a proper jury; that is to say, a jury possessing the qualifications contemplated by law.

Alienage continues after the declaration of intention and until the process of naturalization has been completed. *Atkins v. Kron,* 43 N. C., 1; *Harman v. Ferrall,* 64 N. C., 474. Hence it follows that Ehlers was not a qualified juror. The defendant had the right to challenge this juror, and he undertook through counsel to exercise this right. Of course, the fact that an incompetent juror was permitted to serve would not have vitiated the verdict, because a party has the right to challenge a juror in order to ascertain his qualifications. *S. v. White, supra.* However, the trial judge has found as a fact that the defendant, in attempting to exercise his right of challenge was misled by the juror, "and had said juror stated that he was not a citizen of the United States, counsel for the defendant would have rejected him as being disqualified." Under this finding of fact by the trial judge counsel was deprived of exercising his right of challenge through no fault of his own. Therefore, upon the finding of fact, we hold that the trial judge ruled correctly in setting aside the verdict.

It appears from the record that the verdict was set aside at a subsequent term of court, but it also appears that the motion to set aside the verdict was duly made at the time it was rendered and that the motion was continued by consent. Hence the plaintiff cannot complain of this aspect of the case.

Affirmed.