## LUND v. THIRD JUDICIAL DIST. COURT IN AND FOR SALT LAKE COUNTY, et al.

No. 5790. Decided Nov. 9, 1936. (62 P. [2d] 278.)

434

*Thomas & Dahlquist* and *Matthew Cowley,* all of Salt Lake City, for plaintiff.

*Bowen & Quinney,* of Salt Lake City, for defendants.

MOFFAT, Justice.

The plaintiff in this proceeding seeks review of the proceedings of the trial court upon matters arising, as the facts will disclose, subsequent to the denial of a motion for a new trial. Plaintiff contends the trial court exceeded its jurisdiction in entertaining and acting upon the matters complained of. The parties here are plaintiff and defendants respectively, as they were below, with the addition of Hon. Herbert M. Schiller, the judge who presided and entertained and passed upon the matters about which complaint is made, as an additional defendant.

The history of the matter is substantially that a suit was brought by plaintiff against the defendants, other than the

district judge. It was tried to the court sitting with a jury. A verdict was rendered in favor of plaintiff and judgment entered thereon in the trial court on the 17th day of April, 1935.

Five days later defendants filed a notice of intention to move the court for a new trial. The motion for a new trial was heard by the court on April 27, 1935. On that day it was argued, submitted, and by the court denied.

On the 21st day of May, 1935, the defendants in the trial court filed a petition and motion, among other matters, setting forth the proceedings had in the cause and alleging that at the time of filing the motion for a new trial, which included all the statutory grounds, defendants had no knowledge or information that among the jurors impaneled and sworn to try the cause there was a juror, who prior to entering upon the trial of the cause, and prior to his being sworn and accepted as a juror, had been convicted of a felony. That said juror had been asked if he had ever been convicted of malfeasance in office or any felony or other high crime, to which he had answered that he had not.

There is also set out in the petition and motion the record and details relating to the conviction of said juror of a felony and the fact of his disqualification to serve as a juror as provided by the laws of the state of Utah.

That neither at the time of the acceptance of said juror, nor at the time of the trial of said cause, nor at the time of filing the motion for a new trial on the 22d day of April, 1935, nor at the time of the hearing of said motion on the 27th day of April, 1935, did the defendants or any of them or their counsel know or have any reason to know or believe that the said juror was incompetent, or disqualified to serve, or had been convicted of a felony. That it was not until on or about the 13th day of May, 1935, when said juror admitted in open court that he had been convicted of a felony, that counsel for defendants learned of the facts concerning the incompetency and disqualification of said juror to serve as a juror.

A petition and motion, supported by affidavits as to the facts, were prepared and filed on May 21, 1935, and on the 28th day of May, 1935, defendants filed what is denominated "Amended Petition for Leave to File Motion" which document and its supporting affidavits are of similar import to the "petition and motion" filed on May 21st, except that there was added to the latter document a prayer for leave to file their motion for a new trial, and that the "petition be permitted to stand as and for such motion for a new trial." This quoted phrase is part of an interlineation in the prayer of the petition, and how and when it came there will be referred to later.

On October 22, 1935, the court granted the amended petition.

On October 29, 1935, defendants served proposed findings of fact and conclusions of law and an order and notice that the proposed findings and conclusions would be presented to the court on November 2, 1935. On that date plaintiff filed objections in writing to the order which was proposed and which granted a new trial. At this hearing of November 2, 1935, defendants in open court orally made a motion to amend the amended petition filed on May 21st, and were by the court, over objection, permitted to amend the prayer to the petition by writing into the prayer the following:

"And that the foregoing petition be permitted to stand as and for such motion for a new trial."

The court continued the hearing to November 9, 1935, and permitted the amended petition to stand as a motion for a new trial and granted a new trial to the defendants.

It is claimed by the plaintiff here that the court below exceeded its jurisdiction in the following respects:

1. That the trial court had no jurisdiction to entertain and determine successive motions for a new trial.

2. That the trial court exceeded its jurisdiction in permitting the amended petition of defendants, filed May 21, 1935, to be amended and to stand as and for a motion for a new trial.

3. That the court exceeded its jurisdiction in entering its order on the 9th day of November 1935, whereby a new trial was granted, "purporting to set aside and vacate the judgment theretofore entered, for the reason that said order was made and entered more than six months after the denial" of defendants' motion for a new trial.

4. "The court below exceeded its jurisdiction in granting said defendants a New Trial for the reason that upon the entire record no cause for a new trial is shown or indicated."

The defendants condense the four claimed grounds set out by plaintiff into one and say: "The only question for determination is whether the trial court exceeded its jurisdiction in making its order granting defendants a new trial."

The particular wording of a caption or title heading a document may or may not be complete or descriptive of the subject-matter included in the document. It is the subject-matter of a pleading, order, judgment, or decree that determines what it is regardless of the caption of the document, helpful though its titled description may be. It has been held that a defective caption or no caption at all is merely a formal defect, but the court in which the action is brought should be stated with substantial accuracy. 49 C. J. 130.

Plaintiff maintains that the trial court has no jurisdiction to entertain successive motions for a new trial, and cites: 46 C. J. 68, § 20; *Felt* v. *Cook*, 31 Utah 299, 87 P. 1092; *Luke* v. *Coleman*, 38 Utah 383, 113 P. 1023, 1024, Ann. Cas. 1913B, 483; *Blue Creek Land, etc., Co.* v. *Anderson*, 35 Utah 61, 99 P. 444; *Audia* v. *Denver & R. G. R. Co.*, 45 Utah 459, 146 P. 559.

In the case of *Felt* v. *Cook*, supra, appellant sought the support of what is now section 104-14-4 to secure aid in a motion for a new trial. Only one motion for a new trial was filed, and that 7½ months after the judgment. It is said that to invoke the aid or jurisdiction of the court under what is now section 104-14-4, R. S. Utah 1933 (old section

3005), it is required that an application and showing be made to the court setting forth some grounds why the motion was not made, and the relief sought within the statute providing for the filing of the motion within five days after judgment or notice thereof.

In the case of *Luke* v. *Coleman*, supra, judgment was rendered and entered on the 22d of September, 1908. A motion for a new trial was made on the 25th of September and was denied on the 28th of October, 1908. The appeal was not taken until November 4, 1909, more than a year thereafter. However, on June 3, 1909, a motion or petition for a rehearing of the motion for a new trial was filed. The court held that a rehearing of a motion for a new trial was a proceeding unknown to our practice and that the trial court had no power to reopen the question of granting or denying a motion for a new trial after disposing of it. After citing a number of cases, the court then proceeds to say that a number of the decisions cited hold that a second application for a new trial may be made within the term in which the judgment was rendered, when based on grounds not included in the first application, when satisfactory reasons are given for the omission, and points out that the application in the Luke-Coleman Case did not proceed on the theory of a second application based upon new grounds, but on the theory of a rehearing and resubmission upon the same grounds already passed upon, and further indicates that only one of the cases there referred to, that of *Huber Mfg. Co.* v. *Sweny*, 57 Ohio St. 169, 48 N. E. 879, was where the petition for a rehearing was upon the same grounds passed upon in the first application. The court then says:

"We need not stop to consider to what extent the decisions of the cases last named may have been influenced by statutes or a practice different from ours, for the rule announced by the California court is more in harmony with principles already enunciated by this court, that to invoke the jurisdiction of the court to entertain a motion for a new trial the motion must be made within the time allowed by statute or enlarged by the court (*Felt* v. *Cook*, 31 Utah 299, 87 P. 1092), and that the court is without authority, after the expiration of

such time, to even permit an amendment of a notice of motion for a new trial by adding thereto a new and independent ground therefor (*Blue Creek Land & Livestock Co.* v. *Anderson*, 35 Utah 61, 99 P. 444)."

The above refer to proceedings under the statute providing for application for a new trial under what are now sections 104-40-2, 104-40-3, 104-40-4, 104-40-5, R. S. Utah 1933.

The above quotation makes it unnecessary to review the case of *Blue Creek Land & Live Stock Co.* v. *Anderson*. The Corpus Juris text cited (46 C. J., p. 68, § 20), under the heading "Successive Applications for a New Trial" says:

"A number of decisions lay down the rule, without qualification, that, where a motion for a new trial regularly submitted is overruled unconditionally, no further motion for a new trial can be entertained, and that the order made on the motion is reviewable only on appeal. The court has no jurisdiction to hear a second motion for a new trial filed after expiration of the time fixed therefor by statute, but a motion made within the statutory time is not defeated by the court's ruling purporting to deny a motion for new trial before any such motion was made. According to other decisions, a second motion for a new trial based upon substantially the same grounds cannot be entertained, at least, in the absence of a showing of irregularity, fraud, unavoidable casualty, or misfortune. This is especially true after the term at which the first motion was made, or after the lapse of several years. According to this second line of decisions, a second application for a new trial may be sustained when it is based on grounds not included in the first application, and satisfactory reasons are given for the omission, or when it is based on distinct grounds under a distinct statute, or on newly discovered evidence; or the court may grant a new trial, after overruling a motion therefor, not as a matter of right in the party, but as an exercise of inherent discretion, although the statutory period for new trial has elapsed."

This now brings us to the case of *Audia* v. *Denver & R. G. R. Co.*, 45 Utah 459, 146 P. 559. It is there indicated that after judgment a notice of motion for a new trial was filed March 17, 1913, and denied April 12. On the 12th day of July, 1913, three months after the motion for a new trial had been denied, permission was asked and obtained from the district court to file a second notice of motion for a new trial. One of the grounds set up in the old motion and

one additional ground was included in the new motion. The new ground was newly discovered evidence. The only showing made to invoke the jurisdiction of the court to grant leave to file the second motion for a new trial was the usual statutory affidavit of newly discovered evidence. This court then said:

"The court made no findings with regard to the grounds or reasons upon which it allowed the appellant to file a second notice for a new trial and overruled respondents' objections which they interposed to the filing thereof. Respondents always have challenged, and they in this court challenge, the power or jurisdiction of the district court to authorize the filing of the second notice of motion for a new trial."

The court then refers to the section of the statutes relating to filing of motions for new trial (now R. S. Utah 1933, 104-40-4), and reviews the Utah cases and the following has been established as the law relating to motions for new trial:

1. But one motion upon the statutory grounds for a new trial may be made in pursuance of the statute providing for motion for new trial. Section 104-40-2.

2. A motion for new trial may not after the time for filing a motion for new trial has expired (section 104-40-4) be amended by adding thereto a new or additional ground not specified in the original motion, but included in the grounds specified in section 104-40-2.

3. That district courts may under the provisions of section 104-14-4, R. S. Utah 1933, allow a notice of motion for a new trial to be made after the time limited in section 104-40-2, R. S. Utah 1933, when a proper application and sufficient showing therefor has been made. The party applying for relief, under that section, must do more than merely move the court to act and file the necessary affidavits required to be filed in support of the motion for a new trial, as provided for by section 104-40-4, supra.

The applicant must produce proper evidence upon which the court can base findings, that through no fault of his

he was prevented from filing a notice of motion for a new trial within the time fixed by the statute and produce satisfactory evidence why he did not apply for an extension of time at some time within the statutory limitation. That pleadings, proofs, and findings be made in accordance with established law and procedure and that the court should make findings and base its action thereon so that all parties affected thereby may have opportunity to have a review thereof on an appeal with the case in which they are made.

4. That no distinction is made in the use of the terms "motion for a new trial" instead of the statutory term "notice of motion for a new trial."

5. That the trial court may extend the time for filing a motion for a new trial, but not so the filing of a motion for a new trial or perfecting an appeal may be made or had more than six months after the entry of judgment. Such action, if no other proceeding has been initiated in the meantime which has the effect of preventing the time beginning to run, is of no effect so far as suspending the time within which the judgment becomes final for purpose of appeal.

In addition to the cases and statutes above referred to, see, also, *Minneapolis Threshing Machine Co.* v. *Fox*, 52 Utah 101, 172 P. 699; *Tooele Improvement Co.* v. *Hoffman*, 44 Utah 532, 141 P. 744.

Under the authorities above referred to and construed, if the proceeding filed May 21, 1935, be regarded as a second motion for a new trial under the provisions of section 104-40-4, plaintiff's claim that the trial court had no jurisdiction to entertain and determine successive motions for a new trial and the order permitting it to stand as a motion for a new trial would seem to be well taken, but if the proceeding taken was under the provisions of section 104-14-4, supra, plaintiff's position is not well taken.

Defendants maintain, however, that the proceeding taken by defendants after the discovery of the juror's disqualification and incompetency is a proceeding, not under section

104-40-4, but is under section 104-14-4, being the sections relating to grounds for motions for new trial, and discretion of the trial court to grant relief in furtherance of justice, respectively.

The amendment made to the prayer by interlineation, whereby it was asked that "The foregoing petition be permitted to stand as and for such motion for a new trial" tends strongly to support plaintiff's position that the matter was at that time regarded by defendants as a motion for a new trial. If it should be so determined, plaintiff's position is well taken.

The record discloses and plaintiff contends this amendment was made, not only after the trial court had ruled upon the "amended petition and motion," but when the six months' period after the entry of judgment had expired. Looking at the substantive allegations of the petition and the grounds for appealing to the court for relief, it is impossible to consider the petition and motion as a proceeding for a new trial under section 104-40-4. None of the grounds provided for supporting a motion for a new trial in that section are referred to except in connection with the discovery that the juror was incompetent or disqualified because of his conviction of a felony, which matter had taken them "completely by surprise by the disclosure so made and could not have (been) anticipated or guarded against" by them.

The substantive allegations of the petition and motion, and the affidavits in support thereof, present to the court for consideration the problem of an incompetent and disqualified juror acting as a part of a tribunal in the administration of justice. Section 104-14-4, R. S. Utah 1933, among other things, provides that:

"The court may likewise, in its discretion, after notice to the adverse party, allow upon such terms as may be just an amendment to any pleading or proceeding in other particulars; and may upon like terms allow an answer, reply or a motion for new trial to be made and filed after the time limited by this code; and may also, upon such terms as

may be just, relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; and when, for any reason satisfactory to the court or the judge thereof, the party aggrieved has failed to apply for a new trial or other relief sought during the term at which such judgment, order or proceeding complained of was taken, the court, or judge therein in vacation, may grant the relief upon application made within a reasonable time, not exceeding six months after the making or occurrence of the judgment, order or other proceeding sought to be relieved from. But in no event can a motion for new trial be made after the time for appeal has passed."

In view of the allegations of the petition and motion, supported as it is by the affidavits, and the statute last above quoted, the court was vested with power and jurisdiction to hear and determine the matter. The matter of terminology should not, in such a case, defeat the ends of justice. In effect, the granting of a motion for a new trial vacates and sets aside the judgment in the cause, and vacates and sets aside the verdict of the jury. Likewise, the granting of a petition or a motion to vacate or set aside a judgment, or the verdict of the jury, if granted, dispenses with or supersedes a motion for a new trial if one be pending. Looking to the substance of the matter as presented by the allegations and as found by the court, the purpose of the proceeding was to attack the validity of the judgment and have it vacated and a new trial had upon the issues because of the vitiation of the proceeding growing out of the failure to have the issues passed upon by a properly and legally constituted tribunal, the power, effectiveness, and sanctity of the tribunal having been impaired by the intrusion of an element for which none of the parties, nor the judge charged with the setting up of the tribunal were in any way derelict or responsible. It is apparent a variety of terms were used, and it may be loosely or even inaccurately, or such as to justify an attack as to the appropriateness thereof. Some of them have been noted, but passing to the findings, conclusions, and order of the court, the apparent meaning and intent was to vacate

and set aside the judgment upon the facts found and conclusions drawn therefrom.

In the findings, the court refers to the "motion," if we may be permitted the use of the word for introductory purposes, as "plaintiff's [defendants'] petition" and as sufficient to "constitute said petition a motion for vacating and setting aside the verdict of the jury and the judgment entered thereon." The court concluded the proof sufficient "to constitute a motion for a new trial," and to warrant the court in setting aside the "verdict of the jury." The order entered declared that "defendants' petition for leave to file a motion to vacate and set aside the verdict of the jury and the judgment * * * and to grant a new trial * * * is allowed."

The court having heard the proof upon the petition, application, or motion, and having made its findings of fact upon the allegations of the petition and supporting affidavits, which are not controverted, its conclusions of law and entered its order in pursuance thereof, and ▉ the court being vested with power and jurisdiction to do so under section 104-14-4, supra, and the matter under the provisions of that section being "in its discretion," we think its action should not be disturbed in this proceeding for review on certiorari. *Tarpey* v. *Madsen*, 26 Utah 294, 73 P. 411.

"The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer." R. S. Utah 1933, § 104-67-8.

The court being authorized to grant relief upon application made within a reasonable time, and not exceeding six months after the making or occurrence of the judgment or order sought to be relieved from, and the application having, under the established facts, been filed ▉ within the six months allowed by the statute, the fact that the court, having entertained the application, delayed the disposition thereof until after the expiration thereof

would not deprive the court of jurisdiction to make the order disposing of the application, petition, or motion after the expiration of the six months' period.

The verdict and judgment were attacked upon the ground that one of the jurors who served and joined in rendering the verdict had been convicted of a felony. A person who has been convicted of malfeasance in office or any felony or other high crime is not competent to act as a juror. R. S. Utah 1933, 48-0-9. Under article 1, section 10, of the Constitution of the state of Utah a jury in civil cases must be composed of eight persons who possess the required qualifications.

Should it once be conceded that one incompetent or disqualified juror, when the question is properly and timely raised, did not affect the sanctity and legal soundness of a tribunal made up as a court and jury is, there would be no stopping place. When it appears after trial that a juror had improperly withheld facts relating to his qualification affecting his right to sit as a juror by giving false answers as to his qualifications, or bias, and such was unknown to a party at the time, a new trial will be granted. *State* v. *Morgan*, 23 Utah 212, 64 P. 356; *People* v. *Reece*, 3 Utah 72, 2 P. 61; *State* v. *Thompson*, 24 Utah 314, 67 P. 789; *State* v. *Guynn*, 87 Utah 320, 48 P. (2d) 902. The foregoing are criminal cases, but the law guarantees the same right of trial of issues by a jury in civil cases. The jury must be one possessing the legal qualifications. *Tarpey* v. *Madsen*, supra; *Hinton* v. *Hinton*, 196 N. C. 341, 145 S. E. 615.

It is recognized that neither the party nor his counsel may be heard to complain of the disqualification if at the time of impaneling the jury the facts of disqualification or incompetency or bias were known. *Browning* v. *Bank of Vernal*, 60 Utah 197, 207 P. 462. Where there is a conflict as to the bias or prejudice or misconduct of a juror, or as to his disqualification, the matter rests largely in the discretion of the trial court, and the appellate court will not interfere unless it is clear the trial court

abused its discretion. *Callahan* v. *Simons,* 64 Utah 250, 228 P. 892.

The disqualification of the juror in the instant case is shown and not contended to be otherwise. There was no abuse of discretion in the matter. The trial court had jurisdiction under the provisions of section 104-14-4, R. S. Utah 1933. We find no error.

The judgment of the trial court in granting a new trial or vacating the judgment, or setting aside the verdict of the jury, was within the power and jurisdiction of the court. The matter is remanded to the trial court. Its action therein is affirmed. Such is the order. Defendants to recover costs.

ELIAS HANSEN, C. J., and FOLLAND and EPHRAIM HANSON, JJ., concur.

WOLFE, J., concurs in the result.