John Riley TUCKER, III, Plaintiff,

v.

Honorable Jay E. BANKS, District Judge, Defendant.

No. 15678.

Supreme Court of Utah.

April 6, 1978.

**14**

Grant M. Prisbrey, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for defendant.

ELLETT, Chief Justice:

This is another case where a twice-adjudged guilty drunk driver seeks a loophole through which he hopes to escape his just desserts.

His first claim is that the city judge pro tempore who originally tried him was not a judge in the city court. Our statute provides that when a city judge is unable to act, the mayor may appoint a judge pro tempore to hold court.[1] The statute provides:

> . . . the judge pro tempore so appointed *shall possess all the qualifications required of the city judge* and shall be vested with the same powers and authority. [Emphasis added.]

The qualifications of a city judge are set out as follows:

> No person shall be eligible to the office of judge of the city court *who at the time of his election* is not a qualified elector and a bona fide resident of the city for which he may not [sic] be elected, nor shall any person be eligible to said office who has not been admitted to practice in, and is not in good standing in, the Supreme Court.[2] [Emphasis added.]

The section permitting the appointment of a judge pro tempore provides only that the judge possess the same qualifications as that of a city judge. Obviously the refer-ence to being an elector and a resident at the time of election does not apply to one who was not elected. That which is re-quired of the judge pro tempore is that he be admitted to practice law and that he be in good standing in the Supreme Court.

Every judge of a city court shall reside in and hold court in the city *for which he is elected,* and the city commissioners or city councils of such cities shall provide suitable rooms for holding the city court, together with attendants, furniture, lights and stationery sufficient for the transaction of business, the expenses of which shall be paid out of the general funds of the city treasurer.[3] [Emphasis added.]

This language is not contained in the statute that sets out the qualifications of judges and, therefore, does not prohibit the appointment of a non-resident attorney to serve pro tempore. Some cities with city courts might not have another resident lawyer, and surely no one would contend that the court could not be manned during the illness of the elected judge.

Even if the contention of the drunk-en driver be correct as claimed, he cannot complain about that in this Court. He took an appeal from the judgment in the city court and had a trial de novo in the district court before a judge and jury for which he does not and could not make any complaint. There he was also found guilty. That legally ends his basis for complaint in this matter for our Constitution clearly provides that the ruling of the district courts on criminal cases appealed from justices' courts are final,[4] except in cases involving the validity or constitutionality of a statute. City courts are ex-officio justice courts; and appeals from city courts in criminal cases are the same as are those from justice courts.[5]

1. U.C.A.1953, 78–4–11.

2. U.C.A.1953, 78–4–8.

3. U.C.A.1953, 78–4–10.

4. Utah Constitution, Article VIII, Sec. 9.

5. *State v. Lyte,* 75 Utah 283, 284 P. 1006 (1930); *Salt Lake City v. Perkins,* 122 Utah 43, 245 P.2d 1176 (1952).

In this case the guilty plaintiff does not question the constitutionality or validity of a statute; therefore, the ultimate and highest authority to consider the errors claimed as permitted by the Constitution is the district court where the trial de novo was had.

Plaintiff's counsel, being aware of the constitutional prohibition, sought to enlist this Court's attention by filing a "complaint" wherein he asks us to prevent the district judge who heard the matter on appeal from carrying out the lawful sentence imposed upon his client.

This lawyer loophole-tactic must not be condoned. To do so would ignore the constitutional inhibition against appealing from the final rulings of the district court in such cases.

Plaintiff makes other claims of error in his complaint. He made the same claims to the district court where all of them were rejected. There is no merit to the complaint and it should be, and is, dismissed.

CROCKETT, J., concurs in the main opinion and also in the concurring opinion of HALL, J.

HALL, Justice (concurring):

The qualifications of a city judge are clearly set forth in U.C.A., 1953, 78–4–8. Simply stated, they are: (1) qualified elector (bona fide resident) *at the time of election,* and (2) admitted to practice, and in good standing, in the Supreme Court. *Upon election,* U.C.A., 1953, 78–4–10 requires continued residence in, and court be held in, the city *for which elected.*

An elector is defined as one who is entitled to vote and the qualifications of a voter (elector) are set forth in U.C.A., 1953, 20–1–17 and merely requires 30 days residence in the state prior to the general election in November and proper registration.

My reading of the applicable statutes does not disclose any requirement that a judge pro tempore, or for that matter a city judge appointed to fill a vacancy, be an elector *or* a resident *at the time of his appointment.* He need only so qualify should he choose to stand for *election.*

MAUGHAN, Justice (dissenting):

Clearly, this matter should be reversed. We do not deal with personalities, we deal with the law.

In this matter a member of the Utah Bar sat as a judge pro tempore in the Salt Lake City Court. At the trial an objection was made to the person sitting as the judge on the ground he was not a resident of Salt Lake City. This objection was overruled, the trial proceeded to the conclusion, the trial defendant was convicted.

Thereon the trial defendant appealed to the district court, where the same objection was made and overruled. The trial proceeded to its conclusion and defendant was again convicted.

The trial defendant makes the claim that the district court lacked jurisdiction for the reason there was no judgment before the court, because whatever occurred in the court below was a legal nullity.

Trial defendant's claim should be sustained, and the relief prayed granted.

78–4–11 requires that a judge pro tempore in the city court shall possess "all the qualifications required of the city judge . . . . ."

78–4–10 is as follows:

Residence—Place of holding court.—Every judge of a city court shall reside in and hold court in the city for which he is elected, and the city commissioners or city councils of such cities shall provide suitable rooms for holding the city court, together with attendants, furniture, lights and stationery sufficient for the transaction of business, the expenses of which shall be paid out of the general funds of the city treasurer.

78–4–8 is as follows:

Qualifications.—No person shall be eligible to the office of judge of the city court who at the time of his election is not a qualified elector and a bona fide resident of the city for which he may not be elected, nor shall any person be eligible to said office who has not been admit-

ted to practice in, and is not in good standing in, the Supreme Court.

From the foregoing we see a city judge pro tempore not only must be a resident of the city, but must be an elector as well.

One can always challenge the authority of a substitute judge.[1] In *McCrillis* the court applied the following rule set forth in *Clements v. Fort Worth and D. S. P. Ry. Co.:*[2]

> The rule is that a judgment rendered by a special judge who had not been appointed or selected in accordance with the constitutional and statutory requirements governing such matters is an absolute nullity, and that before a special judge can be appointed or selected, the conditions pointed out by the Constitution and the statute must exist before such selection or appointment of the special judge is valid.

Defendant further asserts two of the jurors were not competent to so act for reason they were not residents of Salt Lake City. Admittedly, they were not residents of the City. This claim is sound and certainly should be sustained.

Section 78–46–8 provides:

> A person shall be competent to act as a juror:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (3) Who resides in and has resided in the county for six months next preceding the time he is selected; *provided, that the residence required to render a person competent to serve as a juror in a city or justices' court or on an inquest shall be residence in the city or precinct for six*

*months next preceding the time actually called to serve; .　.　.. [Emphasis added.]*

The emphasized portion of the aforecited statute was repealed by the legislature in 1977 (Session Laws, Chapt. 77, § 71, p. 389.) However, this repeal does not take effect until July 1, 1978, Chapt. 77, § 78, p. 391.

Defense counsel asserted a timely objection to the jury panel on the ground two jurors were non-residents of the city and were therefore incompetent.[3]

> Should it once be conceded that one incompetent or disqualified juror, when the question is properly and timely raised, did not affect the sanctity and legal soundness of a tribunal made up as a court and jury is, there would be no stopping place. .　.　. The jury must be one possessing the legal qualifications. [Citation.][4]

Since a jury must be composed of persons who possess the qualifications mandated by the statutes, §§ 78–46–8, 9, the proceeding was vitiated by the failure to have the issues passed on by a properly and legally constituted tribunal.

WILKINS, J., concurs in the views expressed in the dissenting opinion of MAUGHAN, J.

---

**1.** *National Bank of Washington v. McCrillis,* 15 Wash.2d 345, 130 P.2d 901, 907, 144 A.L.R. 1197 (1942); 144 A.L.R. 1214, Sec. III a.

**2.** Tex.Civ.App., 7 S.W.2d 895, 898 (1928).

**3.** Section 78–46–9 provides: "A person shall not be competent to act as a juror: (1) Who

does not possess the qualifications prescribed by the next preceding section [78–46–8]; .　.　."

**4.** *Lund v. Third District Court,* 90 Utah 433, 446, 62 P.2d 278, 284 (1936).